On the whole, after the prefent practice on replevins has been of fo many years ftanding, and feems founded on a law of our own, we think it would be improper to make fuch an alteration, as would be occafioned by iffuing judicial writs *de proprietate probanda.*

The rule difcharged.

## TAYLOR *verfus* KNOX, *et al.*

## FINLAYSON *verfus* KNOX, *et al.*

FOREIGN attachments.—In thefe cafes rules had been obtained to fhew caufe of action, and why the attachments fhould not be quafhed.

On the argument, the garnifhee *Henderfon* (who was alfo a copartner with the defendants) produced feveral witneffes, by whofe teftimony the following facts were eftablifhed:—That *David Knox* came to *Philadelphia* in the fpring of 1784; that he brought furniture with him, hired a dwelling houfe and ftore, and profeffed an intention " to lay his bones here." That he went to *Virginia* in *February* 1785, and failed thence to *England*, in confequence of receiving intelligence of fome mifconduct of another partner, named *Cowan*, who refided there, and had never been in *America*. That during his abfence, and at the time of laying the attachments, the copartner, now garnifhee, continued in poffeffion of the houfe in *Philadelphia*, with much the fame eftablifhment of fervants &c. but after the attachments were laid, he broke up houfe-keeping. That *David Knox* was a fingle man, and it was not known, whether he had taken the oath of allegiance to this ftate, or not.

The plaintiffs to fhew their caufe of action, produced affidavits of accounts from their refpective books, fworn to before the *Lord Mayor* of *London*.

The queftion being argued by *Ingerfol* and *Rawle*, in fupport of the motion, and by *Lewis* and *Wilcocks* againft it, THE PRESIDENT, at an adjourned fitting on the 15th of *February* 1786, delivered the opinion of the Court.

SHIPPEN, *Prefident.*—The *firft* point to be decided, is, whether the foreign attachments ought not to be diffolved, on the proofs given of *Knox's* being an *inhabitant* of *Pennfylvania*, at the time they iffued?

We would avoid laying down any general rules as to what will or will not, make a perfon an *inhabitant* within the attachment law, left cafes fhould hereafter happen, which might come within thofe general rules, but were not in the contemplation of the Court in the particular cafe before them. We think, however, if any general rule was made, it would be reafonable, and very confonant to our laws and conftitution, that the perfon's refidence here, to make him

an

an *inhabitant,* fhould be fo long as to give him the *rights* of citi-zenfhip—to wit, for twelve months. And we fhould have no he-fitation in laying this down as a rule, if it were not for thofe cafes of difpute which may arife between creditors on a *domeftic* attach-ment, and creditors on *foreign* attachments, where it may frequent-ly happen that the debtor's refidence may be lefs than 12 months, and yet he may, and ought, to be an object of the domeftic attach-ment law; fo as to have his effects divided among all his creditors, and not fwept away by the firft creditor who takes out a foreign attachment.* But in cafes where a ftranger comes among us, and remains here for a fhort time, and then goes away under fuch cir-cumftances, as *not* to make him an object of the *domeftic* attach-ment, it will always have confiderable weight with us, that he has not refided here for twelve months.

In *Knox's* cafe his refidence here was only eight or nine months; the family he left behind him, does not appear to be of a kind to denote an unequivocal continuation of his refidence, being pro-bably no more than was fufficient for his partner *Henderfon's* own accommodation as a fingle man.

The *fecond* queftion is, whether there has been fuch proof of a debt due, as is fufficient to fhew a caufe of action?

And here it will be proper to mention the reafon and occafion of making the rules with regard to proofs neceffary for holding to bail on writs of *capias.* When I came into this Court, I found a practice had lately taken place of requiring proofs of the debt, fi-milar to thofe required by the ftatute of 12 *G.* 1. fo as to difable abfent plaintiffs from holding defendants to bail, for want of a po-fitive affidavit before one of the judges of this Court of a fubfifting debt. I confidered this practice as not founded in law, and as tend-ing to injure the credit of the country. That it was not founded in law I took to be clear, from the words of our act of Affembly, made fhortly after the revolution, extending only fuch of the ftatute laws of *England* as had *theretofore* been in force in *Pennfylvania.* The act of 12 *G.* 1. was certainly not in force, nor ever practifed under, before the revolution. But as the judges who had fat here before me, thought there was good reafon to keep up a kind of recipro-city between *England* and us, upon this fubject, and not being wil-ling to relax the rule totally, it became neceffary in order to pre-ferve a uniformity of determination in the feveral judges of the Court, to fettle another mode, fo as to avoid extending an act of Parliament by their authority, which had not been extended by the Legiflature, and yet not to give the inhabitants of that country the fame eafy method of proving their debts in *England* before the *Lord Mayor,* or other magiftrate there, which had been practifed pre-vious to the revolution under their own acts of Parliament. A middle way was, therefore, ftruck out ; and a fignature of the par-ty to fome inftrument of writing, or fome letter, or acknowledgment of

---

* See Ant. 152 *Lazarus Barnet's* Cafe.

of the debt, was made neceffary to be fuperadded to the ufual probate made before the war. This rule, however, affects the inhabitants of other countries as well as *England*; and it may poffibly be found neceffary, at fome future time, to make an alteration in it more conformable to the general law on thofe fubjects.

But, as at the time of making the rule, we had no eye to any other kind of procefs, than writs of *capias*, and it was exprefsly confined to them, in favour of *perfonal liberty*, we do not think it fhould be extended to other cafes, not then within our view. In cafes of attachments, therefore, we think it fafeft, to follow the law as we find it in our books before the ftatute of 12 *G.* 1. And as it appears by the cafe in 8 *Mod.* 323, that an affidavit of a plaintiff, before a notary public in *Holland*, was deemed fufficient to hold the defendant to bail, we think the like affidavit in this cafe, fhould be fufficient for the fame purpofe.

Motion to diffolve the attachments difcharged.