Per Curiam.

This was an action of assumpsit, brought nr the St- Charles Circuit Court, in favor of Hays' ». Bouthalier. The proceedings were by foreign attachment, under the act concerning attachments, passed 1807. Judgment was rendered! for the plaintiff, by default, and the property attached, condemned to be sold. Two> years after the sale of the property, a motion was made by the defendant, to set aside all the proceedings in the cause, for irregularity, which motion was granted ;■ and,, *247 upon that decision a writ of error is brought, upon which the cause comes into this Court.
The first point mentioned in the hill of exceptions, is, that the affidavit upon which the attachment was granted, was decided by the Court below to be irregular and insufficient. The affidavit was taken before one William Biggs, who was described as one of the Judges of the Court of Common Pleas, of the county of St. Clair, in the Territory of Illinois ; which affidavit was also accompanied by a cerifícate of John Hay, Clerk of said Court, under the seal of said Court, that said Biggs was such Judge. In support of the decision in the Court below, on this point, it is first contended, that the affidavit could not be made before an officer of another State or Territory; secondly, if it could, still, in this case, the affidavit and the official character of William Biggs, are not authenticated according to law.
We are of opinion, that an affidavit, taken before any judicial officer of another State, who, according to the course of the common law and the practice of Courts, is authorized to administer oaths, is good here, for the purpose of holding to bail, or of granting an attachment: — (1 Dall. 160, 8 Mod. 323; affidavit of plaintiff before Notary Public of Holland, held sufficient to hold defendant to bail).
We are also of opinion, that the official character of Judge Biggs is sufficiently proved by a certificate of the Clerk of the Court, under the seal of the Court. This is not a case within the law of Congress, which directs the mode of certifying and authenticating the records of judicial proceedings of one State into another.
The Court below also decided, that the levying of the attachment and Sheriff’s return, were irregular and insufficient, in this, that the property levied on was insufficiently described, so that it could not be known what property was attached. The Sheriff returned, that he had attached the fight and title of defendant to 300 arpents of land, situate in the county of Saint Charles, on or near the Bois de Roy, adjoining land of Doctor Sougrain, and lands of Auguste Chouteau, which attachment was levied in presence of Uriah J. Devore and William Becknell, whose names are returned upon the attachment as witnesses. We think the return sufficiently explicit. If the description will not enable every person to identify the land, the witnesses, in whose presence the attachment was levied, can be resorted to to ascertain it; the return is precise as to the quantity, and as particular as deeds generally are, as to the location and boundaries.
The Court below also decided, that the bond which is required to be given by plaintiff, prior to the order of sale of the property, 'which was given in this case, was insufficient and irregular, inasmuch as there is no provision in the condition, that Hays shall return the lands attached, or the value thereof, but only that he shall return the goods and chattels condemned and sold, or the value thereof; and so that the order of sale, in said case, was irregularly issued. In 2 Dallas, p. 94, the Court say, that lands are to be considered as chattels in the payment of debts. If so, the return of the laud is provided for in the bond. We are of opinion that the Circuit Court erred in setting aside the proceeding and attachment'in the said suit, and that the order of the said Circuit Court be reversed.
Let the judgment be reversed, and the plaintiff recover his costs and charges in prosecuting this writ of error.