## Bailie *against* Wallace.

In those counties where the term of the court is not limited in duration, and there is no order or rule made by the court, under the tenth section of the insolvent act of June 1836, appointing a time for the hearing, an insolvent may present his petition, or surrender himself, in discharge of his bond, at any time while the court is in session, before the succeeding term: and if he die during that time, his bail will be exonerated.

ERROR to the district court of *Allegheny*. county.

A. and S. Bailie against George Wallace. This was an action of debt on an insolvent bond of G. A. Cook, in which the defendant was bail.

The plaintiff's declaration was in common form and set out the condition of the bond as follows:—

"That the said George A. Cook should be and appear at the (then) next term of the court of common pleas of Allegheny county, and then and there present his petition for the benefit of the insolvent laws of this commonwealth, and comply with all the requisitions of said laws, and abide all the orders of the court in that behalf, or in default thereof, and if he should fail in obtaining his discharge as an insolvent debtor, that he should surrender himself to the jail of said county, then the said obligations should be void."

The defendant pleaded as follows:—

"And the said defendant, by James Findlay, his attorney, comes and defends the wrong, &c., and well and truly acknowledges the said writing obligatory to be his act and deed, but saith that the plaintiffs ought not to have and maintain their said action against him, because he saith that the term of the court of common pleas of Allegheny aforesaid, next ensuing the date of the said writing obligatory, and referred to in the condition of the said writing obligatory, was the June term of the said court, in the year aforesaid, and that the said June term of the said court, in the year aforesaid, as mentioned and referred to as aforesaid, in the condition of the said writing obligatory, commenced on the third Monday in the month of June in the year of our Lord 1839, being the 17th day of the said month of June, at and for the said county, and continued during and from the day last aforesaid, in the year aforesaid, till and during the 26th day of October in the year aforesaid, on which day last aforesaid the said term ended, to wit, at the county aforesaid, all which manifestly appears by the records of said court, remaining before the said court, to wit, at the county aforesaid.

"And the said defendant further saith, that the said G. A. Cook, in said writing obligatory and in its condition mentioned, during and

[Bailie v. Wallace.]

before the end of the said June term of the said court in the year aforesaid, so being as aforesaid, the term of the said court next ensuing the date of the said writing obligatory, and mentioned and referred to in the condition thereof as aforesaid, to wit, on the 20th day of October in the year of our Lord 1839, in the city of Philadelphia, to wit, at the county aforesaid, died and departed this life, wherefore by reason of this act of God, it became altogether impossible for the said George A. Cook to appear at the said term of the court, being as aforesaid, the term of the said court next ensuing the date of the said writing obligatory; and then and there present his petition for the benefit of the insolvent laws of this commonwealth, and comply with all the requisitions of the said laws, and abide all the orders of the said court in that behalf, or on default thereof, and if he failed to obtain his discharge as insolvent debtor, to surrender himself to the jail of said county, all which the said defendant is ready to verify, wherefore he prays the judgment," &c.

Evidence was given to establish the facts stated in this plea. The plaintiff gave some evidence in relation to the practice in such cases, the substance of which was, that it was usual to file the petition so long before the succeeding term as to allow time for giving notice to creditors to appear.

*Dallas*, president, ruled the cause upon the construction of the act of assembly, which allowed the whole term to the insolvent to file his petition, and directed a verdict and judgment for the defendant.

*Shaler*, for plaintiff in error, referred to the act of the 16th June 1836, and cited 1 *Dall.* 149.

*Findlay*, for defendant in error, cited 6 *Watts* 508.

The opinion of the court was delivered by

Rogers, J.—The condition of the bond prescribed by the act of the 16th June 1836, for the relief of insolvent debtors is, that the debtor shall appear at the next term, &c., and then and there present his petition, &c., and comply with the requisitions of the law, and abide all the orders of the court. Although it is not pretended that the debtor filed a petition, yet it is contended that the defendant is discharged because he was prevented from complying with the condition of his bond by the act of God, having died before the end of the next term. The counsel for the creditor insists, he was bound to file his petition at least fifteen days before the December term, so as to enable him and his creditors to have a hearing before the court on the first day of the term. The court of common pleas overruled this construction of the act, and decided (and we do not see how they could have come to any other conclusion) that the party had the whole of the next term to file his petition, viz. until the 26th October, when the court rose, and that as the insolvent died on the 20th October, the bond was discharged. 6 *Watts* 503.

x.—u*

[Bailie v. Wallace.]

It seems no general rule has been made, as is contemplated by the tenth section of the act, and the court may make an order in each case, appointing the time of hearing, taking care, as a matter of course, to have the requisite notice given to creditors. If the court should make a general rule on this subject, as perhaps it is their duty to do, it would be well for insolvents to consider whether it would not in most cases be advisable to file their petitions in time, to enable the party to have a hearing at the time fixed by the rule. This, in practice, would obviate all the inconveniences which are suffered to arise from allowing the insolvent to withhold his petition until the last day the court is in session. It must be observed that this applies only in those counties where there are no limits by law to the term, as in this county and in the county of Philadelphia. Where a period is fixed by law for the session of the court, it is not intended to say that the petition may be presented after that time, although the court may have been adjourned for a special purpose. The case of Henderson *v.* Allen, 1 *Dall.* 160, was a regulation of the practice for the convenience of the court, and does not apply to this case. It would seem from the testimony, that there has been no regular nor settled practice in the courts of Allegheny which can affect this question.

Judgment affirmed.