## Stanko *v.* Bianucci, Appellants.

*Insolvency—Bond—Insolvent's petition — Postponement — Affidavit of defense—Sufficiency.*

Where a defendant, arrested on a capias, enters into a recognizance to appear on the first day of the next term of the court of common pleas, and present his petition for discharge, under the

benefit of the insolvent laws, and upon that day appears, and for sufficient reasons obtains a continuance until the following term, his failure to present his petition upon the day named in the recognizance, does not work a forfeiture of his bond. In such case the debtor did everything that it was necessary for him to do to prevent the forfeiture, and the court had authority to grant the continuance.

Argued April 22, 1920. Appeal, No. 16, April T., 1920, by defendant, from judgment of C. P. Butler County, December T., 1918, No. 67, for want of a sufficient affidavit of defense in the case of Frank Stanko v. Frank Bianucci and Charles Bianucci. Before PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Reversed.

Assumpsit on recognizance. Before REIBER, P. J.

Rule for judgment for want of a sufficient affidavit of defense.

The facts are stated in the opinion of the Superior Court.

The court made absolute the rule for judgment for want of a sufficient affidavit of defense. Defendants appealed.

*Error assigned* was the order of the court.

*W. H. Martin,* for appellant, cited: Marko v. Willenski, 31 Pa. Superior Ct. 177; Horton & Heil v. Miller, 38 Pa. 272; In re: Insolvency of Robert Spare, 7 Kulp 526; Greenwaldt v. Kraus and Betz, 148 Pa. 517; Crissy v. Vogt, 9 Pa. Superior Ct. 421, 422.

*F. H. Negley,* and with him *Porter W. Lowry,* for appellee.

OPINION BY TREXLER, J., July 14, 1920:

Plaintiff in this case recovered a judgment in an action of trespass against Frank Bianucci and a capias

having been issued the defendant with a surety entered
into a bond under the provisions of the insolvent laws
and was discharged from custody.   The condition of the
bond was "That the said Frank Bianucci shall be and
appear before the Court of Common Pleas of Butler
County on the first Monday of September, 1918, and then
and there present his petition to said court for the bene-
fit of the insolvent laws of this Commonwealth and com-
ply with all the requisitions of said law and abide all
the orders of said court in that behalf then this obliga-
tion to be void, otherwise to remain in full force and
effect, and if the said Frank Bianucci shall fail in ob-
taining his discharge as an insolvent debtor he will sur-
render himself to the jail of the said county."   On the
day set in the bond Frank Bianucci and his counsel ap-
peared in court, presented no petition but obtained a
continuation of the case until the first Monday of the
following December which was the term following the
one designated in the petition.   Before the date fixed in
the order of continuance, the plaintiff brought this suit
alleging that the failure to present the petition operated
as a forfeiture of the bond.   Defendant's affidavit of de-
fense recited the fact that a continuance had been had.
The court held that the failure to present the petition
caused a forfeiture of the bond and the fixing of a future
date for the presentation of the petition of the insolvent
for discharge, and the continuance to said date, was
invalid and without authority and entered judgment
against the defendant for want of a sufficient affidavit
of defense.

The question before us is, "Can the court postpone the
time for the presentation of a petition for a discharge in
insolvency proceedings?"   The question has not been
definitely decided but we have a number of intimations
from both the appellate courts which would indicate
that the defendant pursued the proper course under the
circumstances.   In Horton & Heil v. Miller, 38 Pa. 270,
the defendant failed to present his petition at the term

named in the bond, and the court stated, "Had the petitioner applied to court to continue or fix the time within which he might present his petition, even if to some day outside the term, perhaps he might have saved his bond." "When the order fixes a day for final hearing, the petitioner must ask for his discharge, or if unable, from some mistake or omission, to have this, he must make his peace with the court, and get a continuance, or if not, and he would save his bond, surrender himself to jail. Either a discharge, or continuance, or surrender must appear to save the bond": McDonough's Case, 37 Pa. 275; Marks v. Willenski, 31 Pa. Superior Ct. 177. In Bartholomew's Adm. v. Bartholomew, 50 Pa. 194, where there was a failure to fix a day for a hearing the court speaking of the insolvent said, "He was bound to see that a day was fixed for his hearing, or at least a continuance of his application granted." The late President Judge RICE of this court, when on the Common Pleas of Luzerne County, In re: Insolvency of Robert Spare, 7 Kulp 526, says, "The fatal objection to the proceedings is that he did not present his petition for discharge at the next term of court. Perhaps as was suggested in Horton & Heil v. Miller, 38 Pa. 270, the court would have been authorized to extend the time for presenting his petition, if he had asked an extension for that purpose, but he did not ask it, and the order of May 25th cannot be construed as having that effect. In the absence of such an order the court has no discretionary power to relieve an insolvent from the forfeiture of his bond." The cases all hold that the debtor is the only one who sets the provisions of the law in motion, and must keep them moving. Had the defendant done nothing on the day fixed for the presentation of his petition his bond would have been forfeited, but his securing a continuance, was keeping the matter in motion. It is useless to argue that the language of the act of assembly must be literally followed in every case for no one would claim that an act of God would not relieve

512        STANKO *v.* BIANUCCI, Appellants.

the defendant.   See Scully v. Kirkpatrick, 79 Pa. 324;
Bailie v. Wallace, 10 Watts 228.   We think the court
should have allowed the case to go to trial.

The order of the court below is reversed, the record
be remitted to the court below with a procedendo.