The opinion of the Court was delivered by
Duncan, J.
The proceedings on a bail bond are so much •within the discretion of the Court in which the action is depending, in any order they may make as to summary relief, that a writ of error will not lie. The statute of 4 Anne, chap. 16. sect. 20, regulating the assignment and proceedings on the bail bond suit, in explicit terms, gives to the Court a plenary power. The language is decisive, “and the Court where the action is brought, niay, by rule or rules of the same Court, give such relief to the plaintiff or defendant, in the original action and bail on the bail bond, as is agreeable to justice and reason; and the rule or rules of the said Court, shall have the nature and effect of a defeasance* to *543 the said bond.” This act has been adopted in use in this State, and has been declared by the Judges of this Court to be in full force. It ¡has therefore been decided that the assignee must bring his action in the same,Court out of which the process issued on which the bail bond is taken ; for this * . . i ¶. r • -till is necessary to give the parties the relief intended by the statute. 1 Burr, 642. 3 Burr, 1923. 3 Wils. 348. 2 W.Bl. 877. On a bail bond taken in the District Court for the city and county of Philadelphia, the bail bond could not be sued in the Supreme Court. Here, the Court exercised their legitimate authority ; they granted such relief, as appeared to them to be agreeable to justice. In this, and many other matters entrusted to judicial discretion, they are the sole Judges of what is agreeable to reason and justice ; and the exercise of that discretion, cannot be reversed in another forum. This case raises a question of general practice, but of little difficulty. The acts to regulate arbitrations and proceedings in Courts of justice, do not repeal the adopted statute of Anne ¡ do not take away in terms, nor was it within the intent of the Legislature to deprive the Court of this power ; a power essential to the administration of justice. Many mischiefs, and numerous inconveniences, would follow from such construction. The defendant might proceed and obtain a judgment by arbitration, before he has lost the benefit of a trial, and thus fix the bail, and prevent the Court from suffering him, on terms, to enter special bail, and surrender his'principal; fix him not onlv for the debt really due but for the penalty of the bail bond. The arbitrators could not legally decide on the amount due from the defendant in the original action. The bail could not, before the arbitrators, nor could the defendant in the original action, try the merits. The plea is comperuit ad diem. If the bail held the release of the plaintiff to the defendant, it would not avail him ; nothing but the entry of special bail, would be a performance of .the condition of the bail bond. 4 Burr. 2683. The arbitrators could only find the penalty ; they were not sworn to try any other fact than whether special bail had been put in. They can exercise no discretion; grant no relief; make no abatement; are bound down to one inquiry. Has the bail performed the condition of the bond? If he has not, the penalty only could be adjudged. There are many occasions on which the Court could grant relief, where arbitrators would not possess the power; as where the defend *544 ant dies before the plaintiffcould have judgment against him; if there has been no delay in putting and perfecting the bail, the Court would stay proceedings on payment of costs only. If there was a re guiar judgment in Court, the Court could grant relief by directing the judgment to remain as a security for what might be found due in the original action; but if the bail bond was transferred, ad aliud examen, to arbitrators, it would be very questionable whether the Court could interpose on their report and judgment. The bail bond and the action on it must, from the very nature of all judicial proceedings, be under the special power of the Court. Reason would say it ought to be so, and positive law has so declared. It would be an invasion of all order and regularity to place it under the jurisdiction of another tribunal, and a subversion of all justice to place it with a tribunal without vesting that tribunal with the adequate'power of doing justice. Without any disparagement of that tribunal, there is just reason to fear it would not be the proper one to entrust with the decision of those intricate questions, as to the time, manner, and terms the bail may be released. It is sufficient, however, to say, that the Legislature have not thought fit to strip the Court of this necessary attribute, and vest it in arbitrators. Besides all this, the plea of comperuit ad diem is properly triable by the record by the inspection of the Judges. On the plea of nul tiel record, could the record be tried by the arbitrators ? If this plea had been drawn up in form, it would have been thus : “ Because he says that the said A. B. did appear in the said Court on-, in the said condition of the said writing obligatory mentioned, according to the form and effect of the said condition, as by the record of the said appearance remaining in the said Court, more fully appears, and this, he, the said A.B. is ready to verify by the said record,” &c. 2 Chittfs Pleadings, 503. Now the verity of this record was not a matter in pais, to be tried by a jury, or determined by arbitrators, but could at once be tried by the Court in which the record remained. In Ramsay v. Smith, decided at the last session of the Eastern District,* it was determined that on a recognisance of bail in error, & scire facias could not be maintained in the Supreme Court, because, on the affirmation of the judgment, the record is remanded for execution to the Court from which it came, there to be carried into execution; and if the defendant plead nul tiel record, the *545 plaintiff must fail, as he could not bring into the Court the record of the affirmation of the judgment. The arbitrators could not try the record, which could receive a trial by itself alone, and,not by witnesses, jury, or arbitrators ; for where the evidence of fact depends, from its nature, ón occular demonstration, the law departs from its usual resort, the verdict of twelve men, and relies on the judgment of the Court alone ; and it may be safely laid down as a general rule, that an issue which cannot be tried by a jury, but must be tried by the Court, cannot be tried by compulsory arbitration. The trial of this issue is merely by the record; for a record is a monument of so high a nature, imports in itself such absolute verity, that if it be pleaded there is no such record, it shall not receive a trial by witness, jury on otherwise, but only by itself. 9 Rep. 53. If such a case as the present were embraced by the arbitration law, in debt on a recognisance in a criminal prosecution, where the Judges of the Courts of Common Pleas have a power to remit and moderate, according to equity and legal discretion, the action might be arbitrated, and thus all power taken from the Court to moderate and remit; for no man will say the arbitrators possess the power, or can exercise the legal discretion. 'No writ of error is given wheu the Court of Common Pleas exercise the discretionary power of moderating and remitting a recognisance ; but an appeal from their decision to the Supreme Court lies. See acf of 9th December, 1783. There is no weight in the argument, that the party still has his remedy by appeal to the Court. The answer is a plain and simple one. The law would not authorise a nugatory act, nor compel a man to appeal from a tribunal, which has no jurisdiction, at the expense of the payment of costs and giving a new security. For all these reasons, this Court are of opinion, that the Court of Common Pleas had power to stay the proceedings on the bail bond action, according to their judicial discretion ; and that no writ of error lies on the exercise of that discretion. The writ of error is, therefore, quashed.
Writ of error quashed.

 See post Appendix.