By the Court.' —
The only question is, whether, on a scire facias on a judgment on the report of arbitrators, the suit may be carried before arbitrators without the consent of the- defendant, by virtue of the “ Act regulating arbitrations,” passed the 20th March, 1810. The words of the Act extend .to all civil suits or actions. A scire facias on a judgment is undoubtedly a civil suit; and the only plausible objection urged by the defendant is, that if issue had been joined on a plea of nul tiel record, it would not. have been proper to take the cause from the decision of the Court, and transfer it to arbitrators. The answer to this objection is, that this cause was arbitrated before any plea of nul tiel record had been put in, and whether it ever was put in before the arbitrators, we know not. It is not sufficient to say, that possibly some plea may be made before the arbitrators which it would be improper for them to decide on. A rule of that kind would abolish the arbitration system ; for there are few actions in which some matter of record may not be pleaded. In a scire facias, or action of debt on a judgment, the defendant frequently pleads payment, satisfaction, or a release. And when the cause is transferred to arbitrators *479 before any plea is put in, it is impossible to say what will be the matter of dispute. There is nothing in this case, therefore, which would authorise the Court to except it from the operation of the Arbitration Act; and we are of opinion, that thejudgment should be affirmed.
Judgment affirmed.