## Stevenson *against* Docherty.

Debt upon a recognizance of bail in error falls within the purview of the act of 1810, and may be arbitrated, unless the defendant has previously pleaded *nul tiel record.*

ERROR to the common pleas of *Alleghany* county.

This was an action of debt, brought by William Docherty against Samuel Stevenson and James Taylor, on a recognizance to prosecute a writ of error. The plaintiff below entered a rule of reference under the compulsory arbitration law. At the meeting of the arbitrators there was no attendance or acquiescence on the part of the defendants. An award was filed in favour of the plaintiff for the amount of the recognizance, and judgment thereon entered.

The following error was assigned.

The cause of action in the court below being debt on a recognizance of bail in error, to which the plea on behalf of the defendants was "*nul tiel record*," is not embraced within the scope of the arbitration law, and did not therefore fall legally within the jurisdiction of arbitrators.

*H. M. Watts,* for plaintiffs in error.

The defendants below, by declining to appear at the time appointed for choosing the arbitrators, and before the board of arbitrators, studiously avoided every act that might be construed into an acquiescence on their part to submit the determination of their cause to arbitrators, whose proceedings, they believed, would be nugatory for want of jurisdiction.

[Stevenson v. Docherty.]

It must be conceded, if there be an abiding authority in cases upon which we rely when consulting with our clients, that Roop et al. *v.* Meek, 6 *Serg. & Rawle* 542, and Ramsey *v.* Smith, *Ibid.* 573, decide the principle involved in this cause in favour of the plaintiffs in error.

The force of these decisions cannot be obviated by the presumption that the cause might have turned upon an issue of fact, and not an issue of law, to be determined by the inspection of the record, over which no human power had the legal control but the court itself. The defendants were not obliged to join issue until regularly called to do so by the rules of court. Having strictly conformed to them, they were not in default, and ought not to be deprived of their defence by the action of the plaintiffs, who illegally removed the cause to a tribunal before which pleadings are dispensed with, and which could not have entertained jurisdiction had the plea of *nul tiel record* been entered. In Smith *v.* Ramsey et al. it is ruled, that a *scire facias* cannot issue from the supreme court on a recognizance of bail in error, where the record has been remitted to the district court. Why not issue? The defendants might not plead *nul tiel record*, and there might be no necessity for the production of the record, but as evidence of a fact for the jury. It is upon the solid ground that there is a probability of the plea being entered; or at least that a plaintiff has no right to select a tribunal before which a legal defence of his adversary must be excluded from necessity.

Mr Watts referred also to Buckwalter *v.* The United States, 11 *Serg. & Rawle* 193, and Commonwealth *v.* Reynolds, 17 *Serg. & Rawle* 367.

*Fetterman*, for defendants in error, the court declined hearing.

PER CURIAM.—The ground taken is, that no cause which may be made by the pleadings to turn on the existence and inspection of a record, is within the compulsory arbitration laws. If that were decisive, those laws would be a dead letter; for there is no action on which an issue of law may not be joined by the plea, for instance, of a former recovery. In Roop *v.* Meek it is intimated that an action on a bail bond is not within their purview; but chiefly because the discretionary power to give summary relief is lodged by the statute with the court alone. In Hill *v.* Crawford, 8 *Serg. & Rawle* 477, it was held that a *scire facias* on a judgment may be referred under the act of 1810. There, as here, the objection was that arbitrators are incompetent to try an issue of law; and there, as here, it was uncertain whether such an issue would be joined, it being conceded that the plea of *nul tiel record* was put in after the rule of reference. The authority of that case therefore is decisive of the point.

Judgment affirmed.