4 w 69
148 525

# Kelly *against* Stepney.

A surrender of the principal in an insolvent bond, before the day of appearance, will not discharge the bail from his obligation.

ERROR to the common pleas of *York* county.

This was an action of debt on an insolvent bond by William Woods against Peter Stepney and Thomas Kelly, Esq., in which the following facts appeared.

On the 24th of July 1834, William Woods, the plaintiff, took out execution on a judgment in his favour against Peter Stepney, on the docket of George Klinefelter, Esq. for 13 dollars debt and 60 cents costs; on which execution the said Peter was, on the same day, arrested, and filed his bond in common form, with Thomas Kelly, Esq. as his bail, to appear at the next court of common pleas to be held at York on the first Monday in August, then and there to take the benefit of the insolvent laws of this commonwealth, &c. On the 4th of August, at the said court, the said Peter filed his petition for the benefit of the insolvent laws, and thereupon the said court appointed Tuesday the 16th of September 1834, at ten o'clock in the forenoon, for the hearing of him and his creditors at the courthouse, in the borough of York. On the said 16th of September the case of the said Peter was continued, with many others, to Tuesday the 7th of October ensuing. On the 22d day of September, and before the day last appointed for hearing, Thomas Kelly, Esq., the bail of the said Peter in the bond beforementioned, arrested the said Peter by virtue of his supposed authority as bail, and committed him to the jail of York county. Afterwards, on the 1st day of October, the following notice was served on the counsel of the plaintiff, to wit: "York, October 1st. Please take notice that Peter Stepney is confined in the jail of said county at the instance of Thomas Kelly; if his boarding is not paid on or before Saturday the 4th day of October, he will be discharged according to law. Adam Eichelberger, sheriff." No attention was paid to the said notice by the plaintiff or his counsel, and on the said 4th day of October the said Peter was discharged from confinement. On the 7th of October, when the cases of insolvents came on for hearing, the said Peter did not appear, and at the instance of his counsel the following entry was made on the record, to wit: "October 7th, Peter Stepney, an applicant for the benefit of the insolvent laws, was discharged under the bread act, says Mr Kelly."

Upon these facts the court below (Durkee, president) directed a judgment to be rendered for the plaintiff.

[Kelly v. Stepney.]

*Lewis,* for plaintiff in error, cited, 2 *Rawle* 164.

*Evans,* contra, cited, Potter et al. *v.* Naman et al., 4 *Yeates* 388.

The opinion of the Court was delivered by

GIBSON, C. J.—No act of an obligor can exonerate him, but performance of his bond ; and the question is, whether the surrender of the principal before the day of appearance, was performance of it. The condition of an insolvent's bond is, that he appear at the next court of common pleas for the county, and "*then* and there" take the benefit of the insolvent laws, or surrender himself to jail, failing to comply with the requirements necessary to be observed in order to be discharged ; and generally that he abide the order of the court. The surrender thus indicated, is evidently not to be before hearing : and performance before the time is no better in contemplation of law, than no performance at all.    Payment before the day is not a plea to a bond, because it stands not within the terms of the condition ; and that it may be given in evidence under *solvit ad diem,* is by force of the 4 Anne, c. 16, which makes payment at any time before suit brought, a defence at law.    But it is supposed that there is something inherent in the relation which entitles bail to an *exoneretur* having surrendered the principal at any time before they are fixed. The recognizance of special bail has indeed that peculiarity.   Being moulded by practice into a contract of indemnity, the bail who have become keepers of the principal by the delivery of his person to them, as the name imports, are relievable from their undertaking by restoring the plaintiff to the advantages he would have had if the defendant had remained in prison.    But there is no discretionary power, any where, to relieve against the contract of one whose responsibility has been incurred, not by an engagement to the court attended with peculiar incidents, but by an obligation on conditions prescribed by a statute ; in which the party who undertakes for performance by the principal, is but a surety, and not bail in the proper sense of the word.    The condition of a bail bond to the sheriff, would require performance as strictly as does the condition of any other obligation, did not the 4 Anne, c. 16, sect. 20, authorize the court to give such relief by a rule "in the nature and effect of a defeasance," as justice and reason may require—a provision engrafted on our act of 1772, in order to enable the courts to grant the like relief against the forfeiture of a replevin bond.    Now that bail to the sheriff, as they are improperly called, are not keepers of the defendant's person, is proved by the means to which they resort to put off their responsibility ; they become special bail to perform the condition of their bond, and they surrender him on the new authority of a bail piece to perform the condition of their recognizance—a circuity which would be superfluous if they might surrender him directly in performance of the bond.    But were the surety even the keeper of his insolvent principal, it would seldom be in his power to restore the parties to

[Kelly v. Stepney.]

their original footing; as at least a part of the object of a commitment in execution would be frustrated. The purpose of it being satisfaction, and not security for the debtor's appearance at a day certain, he would gain an advantage by the temporary liberation of his person, which is certainly not the end designed to be accomplished by the proceeding, and for which the debtor would be without compensation. The same advantage is doubtless gained by him when remanded on hearing; but that it is so, is a defect inherent in the nature of the proceeding, and not an object of it. To suffer the surety, therefore, to exonerate himself by a surrender before the day of appearance, would be inconsistent with not only the terms but the nature of the contract.

Judgment affirmed.