# Bowman *against* Sharp and Carman.

A statement may be filed in an action upon an insolvent's bond; such action is within the compulsory arbitration law.

ERROR to *Lycoming* county.

Sharp and Carman against Foster, Bowman and Forsythe.

This action was brought upon the insolvent bond of Foster, in which Bowman and Forsythe were sureties. The plaintiffs filed a statement and referred the cause to arbitrators who made a report for the plaintiff for 378 dollars 45 cents. A motion was made in the court below to set aside the award on two grounds. First, because there was no declaration filed; and secondly, because it was not the subject of reference under the arbitration law.

[Bowman v. Sharp and Carman.]

The court below (Scott, president) overruled the objections.

*Ellis* and *Parsons,* for plaintiff in error, on the first point, cited 2 *Park & Johns. Dig.* 528; 16 *Serg. & Rawle* 286; and on the second point, 2 *Park & Johns. Dig.* 488; *Stroud. Purd.* 69; 6 *Serg. & Rawle* 545; 3 *Penns. Rep.* 66.

*Merrill,* for defendant in error.

PER CURIAM.—A bail bond was thought an unfit subject of compulsory arbitration in Roop *v.* Meek, 6 *Serg. & Rawle* 542, and Hersberger *v.* Venus, 3 *Penns. Rep.* 396, because it is a subject of discretionary relief to be administered only by the court; but in Kelley *v.* Stepney, 4 *Watts* 69, an insolvent's bond was considered as an ordinary obligation to do a particular act, whose performance alone can exonerate the bail, who is rather a surety in the strict sense of the word: insomuch, that a surrender before the day does not discharge him. It is, therefore, on a footing with a recognizance of bail in error, which was deemed arbitrable in Stevenson *v.* Docherty, 3 *Watts* 176. Being thus determinable by a popular tribunal, the cause of action may be set out in a statement, without the technicality of a declaration.

Judgment affirmed.