## Smith *against* Barker.

A surety in an insolvent bond is not released from liability upon it, by the conviction and sentence to imprisonment of the principal for a criminal offence, before the condition of the bond is broken.

ERROR to the common pleas of *Allegheny* county.

J. H. Smith against Henry Barker. Henry Richards gave an insolvent bond with the defendant, Barker, as his surety in the usual form, conditioned for his appearance, on the 28th of October, to take the benefit of the insolvent laws. On the 7th of October, Richards was convicted of larceny, and sentenced to imprisonment for one year in the Western Penitentiary.

This was an action upon the insolvent bond, and the question was, whether the surety was released from liability, by the conviction and sentence of his principal, rendering performance of the condition impossible.

The court below was of opinion that the plaintiff was not entitled to recover.

*M'Candless,* for plaintiff in error, cited 7 *Term Rep.* 226; 5 *Vin. Abr.* 250, *tit. Condition;* 1 *Bac. Abr.* 677, 8, 9; *Ing. on In.* 31.

*Livingston,* contra, cited *Pow. on Con.* 264–5; 1 *Bac. Abr.* 651, *tit. Condition;* 6 *Term Rep.* 247; 4 *Burr.* 2034; 7 *Term Rep.* 517; 6 *Term Rep.* 50; 1 *Tidd's Prac.* 327; 4 *Watts* 69; 2 *Rawle* 163; 1 *Doug.* 43.

The opinion of the Court was delivered by

SERGEANT, J.—Were the security given on an insolvent's bond analogous to special bail, the authorities cited might prove that the court, on application, would enter an *exoneretur* where the principal was imprisoned, under conviction and sentence. But even there, it is the duty of the party to have the *exoneretur* entered in due season. This was not done here, nor do I know of any power in the court of common pleas to do it. But the nature of the bond given by an insolvent, to appear and take the benefit of the insolvent laws, is different from the undertaking by special bail. It was so held by this court, in Kelly *v.* Stepney, 4 *Watts* 69, where the decision was, that the surrender of the principal in an insolvent's bond, before the day of appearance, would not discharge the surety. The party who undertakes for the performance by the principal, says Chief Justice Gibson, in delivering the opinion of

[Smith v. Barker.]

the court, "is but a surety, and not bail, in the proper sense of the word." The rules of law, therefore, relating to the cases of special bail, do not apply to the present case, but those that govern ordinary bonds, with surety for the performance of a certain act. And here it is long settled, that the obligor is excused if the performance of the condition becomes afterwards impossible, by the act of God, or the acts of the law; but if, by the act of the party himself, the condition is broken. It is urged, that the performance in this case has become impossible by the act of the law, namely, the sentence of the court, on the conviction for larceny, by which the principal was confined in prison, and did not appear, to comply with the requisitions of the acts of assembly. The act of law, however, which excuses is that which subsequently obliges the party to do or to omit a certain thing, leaving him no option. It was not the law which compelled the commission of the offence in this instance; on the contrary, it forbade it. It was at the option of the party to commit the crime or to refrain; and the sentence is no more than the necessary consequence flowing from his own act. Were it permitted in this way to escape the performance, it would hold out a temptation to commit offences, in order to relieve sureties, and withhold property from creditors. And, indeed, if the principle applies in a criminal case, it ought to hold in a civil case, and then a debtor who had given various bonds to take the benefit of the insolvent laws, by procuring imprisonment on one execution in another county, might escape them all, and prevent his creditors from receiving a cession of his property.

Judgment reversed, and judgment for plaintiff on the case stated.