## COHEN v. PATTON.

### December 19, 1840.

### *Case stated.*

Action on an insolvent bond. A. became surety in this bond, dated September 23, 1839, conditioned in the usual form, that B. should appear at the *next* term of the Common Pleas, &c. The next term was December term, 1839; but, at the September term, 1839, after the date of the bond, on the 17th October, 1839, B. was discharged as an insolvent debtor, having given due public notice: *Held*, that there could be no recovery on the bond.

THIS was an action on a bond, commonly called an insolvent bond, in which the defendant was surety.

The following case was stated for the opinion of the court:

"David Cohen recovered judgment against John C. Hopewell, in the District Court for the City and County of Philadelphia, (June term, 1839, No. 1337,) in which suit Price J. Patton entered special bail for thirty days stay of execution; and, having surrendered the defendant (Hopewell) under a bail piece, he (Hopewell) applied to be discharged, in pursuance of the provisions of the law relating to insolvents; and a bond, in the form designated by the act of assembly, was executed and accepted

[Cohen v. Patton.]

by the prothonotary, in which Price J. Patton and the said Hopewell became jointly and severally bound in the sum of five hundred dollars, conditioned, as therein stated, that the said Hopewell shall appear at the *next* term of the Court of Common Pleas. This bond was made and executed on September 23, 1839. The September term of the Court of Common Pleas had commenced on September 16, 1839, and the *next term* therefore commenced on *December* 2, 1839. Between September 16, and December 2, 1839, that is to say, on October 17, 1839, at the *September* term of the Common Pleas, John C. Hopewell was discharged as an insolvent debtor, having given due public notice, and the plaintiff having marked his opposition on the record, and opposed the defendant's discharge in open court. If, under the above stated facts, the court shall be of opinion that judgment should be entered for the plaintiff, then judgment shall be entered for the penalty of the bond, to be satisfied upon payment of the judgment, in case of Cohen *v.* Hopewell, and costs of this suit. Otherwise judgment shall be entered for defendant."

*H. M. Phillips*, for plaintiff.
*Kneass*, for defendant.

The counsel cited 14 *S. & R.* 173; 5 *Binn.* 338; 3 *Rawle* 372; 3 *S. & R.* 474; 4 *Watts* 69.

Per Curiam.—Did the discharge of the defendant, at the September term of the Common Pleas, operate as an exoneration of defendant's liability on the bond, conditioned that Hopewell should appear and apply at the December term—this discharge occurring *after* the date of the bond? It must be borne in mind that the defendant is a surety. This question may be tested by propounding another, viz.: Could the defendant have performed one of the alternative conditions of the bond by surrendering the principal to prison at December term? (*Act of* 16*th June,* 1836, *Stroud's Purd. tit. Insolvents.*) The law provides that the surety shall have that privilege in discharge of his liability. Now, the bond was dated September 23, 1839; Hopewell was discharged on October 17, 1839, and his discharge operated on every subject matter prior to that date: for, by the 15th section of the act, the principal from thenceforth became free from any liability " to

[Cohen v. Patton.]

imprisonment by reason of any judgment or decree obtained for the payment of money only, or for any debt, damages, costs, or sum of money contracted, accrued, or occasioned or due before the time of such order," that is, the order for the discharge. Here, then, by operation of the positive provisions of the statute, the performance of the condition of the bond by the surety is rendered impossible. The principal is discharged, and the surety is also. The doctrine of the cases cited at bar are consistent with this view, although it is supposed Kelly *v.* Shepney, 4 *Watts* 69, is not so. Yet that case simply decides that a surrender *before* the day of hearing will not relieve the surety. Here the principal is discharged, and no surrender can take place *at* the day of hearing.

We do not lay much stress on the fact that plaintiff opposed the debtor's discharge at the September term. But he had that advantage; and it is well to remark, that this decision works no hardship on the plaintiff. If the petitioner gives *public* notice, the law presumes that all have notice, and the plaintiff has the same right as the rest of the creditors to oppose: if he gives private notice, which is not served on the plaintiff, neither his debt nor his bond are affected by the discharge. (Sect. 31.) And the record of the insolvent's discharge is conclusive as to the fact of his having complied with all things required by law to entitle him to his discharge. Sheets *v.* Hawks, 14 *S. & R.* 173.

Judgment for defendant.[a]

---

[a] The same point has been recently ruled in the Common Pleas of the City and County of Philadelphia.