Watts & S.
1ws379
148　526.

## Wolfram *against* Strickhouser.

A voluntary surrender of himself by one who has given bond to take the benefit of the insolvent laws, will not relieve his bail from the obligation contained in his bond.

ERROR to the Common Pleas of *York* county.

John Strickhouser and Adam Behler, administrators of Henry Strickhouser, deceased, against Jonathan Wolfram.

The plaintiffs obtained a judgment in the Court of Common Pleas of York county for a debt of $405.62 against one Gustavus Wolfram, and afterwards, to November Term 1838, issued a *capias ad satisfaciendum* on the same, upon which the said Gustavus was arrested, and on the 16th of August 1838, entered into a bond with the defendant as his surety, conditioned that the said Gustavus should appear at the next term of the said court, and then and there present his petition for the benefit of the insolvent laws of this commonwealth, &c., agreeably to the provisions of the Acts of Assembly; which bond was duly approved by the prothonotary, and made part of this case. After the execution of the said bond, the defendant was discharged from custody by the sheriff. The next term referred to in said bond commenced on the 5th day of November 1838, at 10 o'clock A. M.; but the said Gustavus did not then or afterwards appear before the said court, (*although he was in the Court House*,) nor did he then or afterwards present his petition for the benefit of the insolvent laws, or take any steps to obtain the same. On the said 5th day of November, about 12 o'clock M., during the sitting of the said court, the said Gustavus Wolfram voluntarily and of his own accord surrendered himself to the prison of the said county, intending the said surrender to be the discharge of the conditions of the said bond. Thereupon the gaoler served a notice on the plaintiffs that the

said Gustavus would be discharged unless his boarding were paid, &c. The boarding not being paid, the said Gustavus was afterwards discharged from prison.

The penalty of the bond was in common form with the following condition thereunder written:

" The condition of the above obligation is such, that if the above bounden Gustavus Wolfram shall appear at the next term of the Court of Common Pleas of York county, then and there present his petition for the benefit of the insolvent laws of this commonwealth, and comply with all the requisitions of the said laws, and abide all the orders of the said court in that behalf; or in default thereof, and if he fail in obtaining his discharge as an insolvent debtor, that he shall surrender himself to the jail of the said county."

The court below (Durkee, President) being of opinion that the plaintiffs *were entitled to recover, directed a judgment to be en*tered for $442.94.

*R. J. Fisher,* for plaintiff in error, argued that the condition of this bond was to be construed according to that rule of common sense by which all obligations are construed. What is its meaning? That the petitioner shall appear at the next term, shall present his petition, shall comply with the requisitions of the law, and abide all the orders of the court, " or in default thereof, and if he fail, &c., that he shall surrender himself." In default of what? Certainly in the doing of those things which have immediately preceded this expression; that is, if he shall *not* present his petition, and shall surrender himself, the *condition of the obli*gation is performed.

But, in another point of view, why should the law receive any other construction than that contended for? If the insolvent surrender himself on the first day of the term, as he did in this case, there is no wrong done to the plaintiff, at whose suit he was arrested. All he was entitled to was, that the sheriff should have the body of the defendant on the return day of the writ; and this he has by his surrender. 4 *Yeates* 389; 9 *Watts* 289; 2 *Bin.* 222.

*Mayer,* for defendant in error. The object of the insolvent law was that a defendant's property should be substituted for the imprisonment of his body. But if, after he be arrested, he may give a bond and be released, and then refuse *to present* a petition for the benefit of the Act, and make an exhibition and return of his property, he has gained his discharge from imprisonment for a time, and frustrates the whole design of the law. A fair construction of the law is, that the debtor shall do all things necessary to entitle him to be discharged. 4 *Watts* 69; 6 *Watts* 508; 1 *Penn. Rep.* 270; 3 *Yeates* 395; 2 *Rawle* 272.

[Wolfram v. Strickhouser.]

The opinion of the Court was delivered by

ROGERS, J.—The bond, on which the suit is brought, is in conformity to the Act of the 16th of June 1836, entitled an Act relating to insolvent debtors, and the doubt is, whether the obligors have performed its conditions. It is ruled in *Kelly* v. *Stepney*, (4 *Watts* 69,) that the suretyship in an insolvent bond, not being in the nature of special bail, but an absolute undertaking, the surrender of the principal before the day of appearance, will not discharge the bail from his obligation. There the principal was surrendered, by his bail before the appearance, here he surrenders himself afterwards. In both cases, he was discharged, under the bread Act, and in both, he omitted to file his petition for the benefit of the Act. In all other respects, the cases are identical, and if he was liable for the debt in one, it is not very easy to see why he should be discharged from his obligation in the other. In all important particulars, the cases are very much alike. The Act provides, that when a debtor is arrested, the Court of Common Pleas may make an order for his discharge, on his giving bond to the plaintiff, with surety, on the condition that the debtor shall appear at the next term, and present his petition for the benefit of the insolvent laws, and abide all the orders of the court, or in default thereof, and if he fail in obtaining his discharge as an insolvent debtor, that he shall surrender himself to the gaol of the county. The bond is intended for the benefit, and is entered into at the instance of the debtor, who, having in consequence obtained at least a temporary discharge from arrest, is bound to a substantial, if not strict compliance with its stipulations. It is urged by the defendants, that the condition of the bond is satisfied by the surrender of the principal, at any time before the end of the next term, after the arrest; and on the other hand, it is contended, that the obligation cannot be avoided, except by presenting a petition as is described in the Act, and thereby manifesting his desire to comply with all the requisitions of the law, enacted for his relief. We are inclined to be of the latter opinion, on the authority of *Kelly* v. *Stepney*, which furnishes a key to the true construction of the Act. It is within its spirit, although, perhaps not exactly according to its letter. The object of a plaintiff, in issuing final process against the person of his debtor, in this state, is not for the purpose of throwing him into prison, which as an end would be totally unavailing, and, indeed, worse than useless; but it is intended as a means to compel him to assign his property for the benefit of his creditors. Sometimes this is the only remedy of the creditor, and is indispensable, as when the debtor either has, or is supposed to have property intangible, and which cannot be reached through the medium of an ordinary execution. For this reason, the Act makes it the duty of the debtor to present his petition, to comply with all the requisitions of the law, and abide all the orders of the court. The petition for relief,

[Wolfram v. Strickhouser.]

verified by the oath of petitioners, must be accompanied with schedules, containing a statement of all the estate, effects and property of the petitioner, wheresoever situate, and of whatever kind; a statement of the debts due by him, containing the names of his creditors, the amount due to each, and the nature and character of the debt, so far as he can ascertain the same; and a statement of the causes of his insolvency, and the extent of his losses, if any. From this enumeration of the objects to be embraced by the petition, it is very obvious of how much consequence it is to the creditor, that this part of the obligation should be performed by the debtor, as it often is the only chance which he may have of obtaining payment, of the whole, or part of his debt. As, by giving the bond, he procures the liberation of his person from arrest, it is but reasonable in return that the creditor should have all the benefit arising from the disclosure of the situation of his estate on oath, and from the assignment of his property to such trustees as may be nominated by the creditors, as is directed in the 13th and 14th section of the Act. Of this advantage, however, the creditor may be deprived, by permitting the debtor, at his will and pleasure, to surrender himself in discharge of his obligation, without evincing any wish or desire to comply with this essential stipulation. To avoid a forfeiture of the bond, in one view of the Act, it is necessary for him, so far as depends on himself, to perform the obligation imposed on him, by complying in all things with the orders of the court, and consummating it by the transfer of his property, for the benefit of his creditors. Suppose, the debtor, after having presented his petition, &c., should refuse to take the oath which is required, and to assign his estate, can it be pretended that he can discharge the bond by a surrender of his person? This, we conceive, could not have been the intention of the Legislature, in extending to him this extraordinary favour. The doubt arises from the last clause, " or in default thereof, and if he fail in obtaining his discharge as an insolvent debtor, that he shall surrender himself to the gaol of the county." Literally construed, this may bear the interpretation given to it by the defendant's counsel, but we must look to the whole scope and design of the Act. The intention would seem to be, to embrace that class of cases where the debtor had in good faith endeavoured to comply with the requisitions of the Act, but had failed in procuring his discharge at the instance of his creditors, or by the act of the court, for any of the enumerated reasons; as, when he had not resided the requisite time in the state, when his insolvency arose from losses by gambling, or by the purchase of lottery-tickets, or where he has embezzled or applied to his own use, money, or other property, which has been intrusted to him, either as bailee, agent or depositary, or where he has been guilty of fraud. In the cases specified, he is prevented from complying with the condition of the bond, by operation of law, at the in-

[Wolfram v. Strickhouser.]

stance of the creditor, or the court, and not by any default in himself, in failing to present his petition. In all the cases enumerated, he is considered a criminal, and as such liable to punishment. If, then, his body is forthcoming to answer the charge for the criminal offence, it is all that can be required, and the surety should not be held to answer for that, with which he was unacquainted, and for which he did not undertake. But it is exacting nothing, of which the obligors in the bond have any right to complain, to require the debtor in good faith to present his petition, and to assign all his property for the benefit of his creditors.

Judgment affirmed.