[Mullen v. Wallace.]

·.· EASTERN DISTRICT, PHILADELPHIA, 1853.

## Mullen *versus* Wallace.

1. An offer by an applicant for the benefit of the insolvent laws, in open court, to surrender himself, and afterwards on the same day going to and remaining in prison, operated as a discharge of his surety, and his subsequent release from prison did not revive the liability of the surety.
2. The court can order an applicant for the benefit of the insolvent law into custody, *only* when they find reason to believe him guilty of fraud.

CERTIFICATE from the Court of Nisi Prius.

This was an action of debt brought against John Wallace, defendant, and William M. Baird, his surety, on an insolvent bond given by said John Wallace, conditioned that he should appear at the then next term of the Court of Common Pleas of this county, and then and there take the benefit of the insolvent law, passed 16th June, 1836. A declaration was filed 29th June, 1853, and on the 29th July, 1853, the defendants pleaded payment and performance of the conditions of the bond, with leave, &c. November 2, 1853, defendants further pleaded, that after the bond in the said declaration mentioned was given, the said defendant, John Wallace, did appear at the next ensuing term of the said Court of Common Pleas, and did present his petition for the benefit of the insolvent laws of this Commonwealth, and did comply with all the requisitions of the said law, and did abide all the orders of the said court, and that his said petition was afterwards, to wit : on the 23d day of June, A. D. 1853, dismissed by the said court, and that thereupon on the same day, viz., the 23d day of June, A. D. 1853, the said John Wallace surrendered himself to the jail of the said county, in pursuance of, and in discharge of the condition of the said bond, &c.; whereupon issue was joined. And on the 23d day of November, A. D. 1853, before his honor Justice Lowrie, the case coming on to be heard, a jury was regularly empannelled, sworn, or affirmed, and on hearing, the court directed a verdict to be taken for the plaintiff, for the sum of $657.90, subject to the opinion of the court on the points then and there reserved, viz : 1st. Was the defendant's surrender sufficient, not being made in open court, though-he offered to surrender himself in open court, and afterwards same day surrendered himself to prison. 2d. As to the effect of the subsequent discharge of Wallace, August 22, 1853, on a second bond and petition. November 25, 1853, defendants moved for judgment in their favor on the points reserved. December 17, 1853, the court decided the points reserved in favor

[Mullen *v.* Wallace.]

of the defendants, and therefore judgment for the defendants *non obstante veredicto*.

The decision of the court on the reserved points, and entry of the judgment, were the errors complained of.

*Parsons*, *Tarr* and *Tennery*, for plaintiff in error.—1. The insolvent bond is in lieu of custody; that custody must be continuous, therefore, surrender must be made in open court.

2. The court refusing petitioner's discharge, his surrender in lieu thereof must be recognized by the court, and so entered by the clerk.

3. If surrender had been regular, it was defeated by the subsequent discharge on bond within the term—must remain in custody, and cannot be liberated on bond, but on a petition as an insolvent, or as an applicant for support in prison, under the "Bread Act," as it is called.

4. Defendant to discharge the surety must act in good faith; the surety is at his mercy, and nothing but an entire conformity with the law on defendant's part, will exonerate the surety.

5. Nothing but some act of the plaintiff, or the act of God, will excuse defendant or the surety for his, defendant's, noncompliance with the law *strictly*.

6. If defendant, who had surrendered himself on the 23d June, could by such surrender discharge the first bond, and file a second on the 22d August, and thereby be enlarged from prison, he could file a second bond the next day after his surrender on the first.

7. The petition of John Wallace was rejected, because he had not been in custody sixty days, agreeably to the provisions of the Act of Assembly requiring that imprisonment in certain cases, such as his. Ingraham on Insolvency, 28; *Gallagher* v. *Kennedy*, 2 Rawle, 163; *Detwiler* v. *Casselberry*, 5 W. & S. 179; 6 Watts, 509; 10 Id. 228; 2 Ash. 433; 1 Id. 102; *Egbert* v. *Darr*, 3 W. & S. 517.

*Brewster* and *Fallon*, for defendant in error.

The opinion of the court was delivered March 12, 1855, by

BLACK, J.—This is a suit on an insolvent bond. The petitioner, on the day that his discharge as an insolvent debtor was refused, offered in open court to surrender himself, and afterwards on the same day did go to prison, where he remained two months, and was then released on giving another bond. The questions now to be decided are,

1. Did the surrender operate to discharge the surety, not being actually made in court, nor under any order of the court?

[Mullen *v.* Wallace.]

2. Supposing it to be a legal surrender, and a compliance with the condition of the bond, did the subsequent release of the defendant from prison revive the liability of the surety in the first bond ?

These questions came so near being answers to themselves, that it is almost impossible to reason upon them. The condition of the bond is, that the petitioner shall surrender *himself*, and he complies with it in letter and spirit, if he goes to jail and gives himself up. The court may order him into custody only in one event, and that is, when they find reason to believe him guilty of fraud. When the petition is dismissed for non-compliance with some order, as for instance, when he does not appear at the time appointed, or fails to give his creditors notice, the court have no power to commit him. To do so would be an unwarrantable interference between the parties, for the debtor has a right to choose whether he will let the creditor have his body or his bond. Any order the court could make on the subject, would be mere *brutum fulmen*. The privilege which the insolvent has, of relieving his surety by going to jail, cannot be taken away from him ; and to commit him, by way of compelling him to surrender himself, involves the absurdity of forcing him to be a volunteer. The practice which prevails at some places, of noting on the record, that the debtor has appeared and expressed his willingness to surrender himself in discharge of his surety, may be a convenient one, and therefore ought to be encouraged, but the law does not make it necessary ; such a record, not followed by an actual and voluntary surrender, would leave the bond in full force, and a surrender, though not recorded, would be a perfect performance of the condition.

When the party surrenders himself, he is in custody under the writ on which he was first arrested. He has no right to be discharged again on giving a new bond, though it has been held that the surety is estopped from denying its legality. But it matters not to the surety in the first bond, after he is once relieved from his liability by a surrender, whether the debtor remains in prison, escapes from custody by climbing over the wall, or is discharged by the blunder of an officer. The surrender puts him back again where he was when the bond was given, and the creditor has all appliances and means of keeping him there, which he had at first.

If he escapes, those who ought to have detained him are responsible.

The surrender of the debtor discharged the surety from all liability, and that liability was not revived by the subsequent illegal release under another bond.

Judgment affirmed.