96    165
31 SC   180

</div>

## Rowand et al. *versus* Smiley et ux.

An insolvent's bond was conditioned "that if the said R. shall, within thirty days, apply by petition to the Court of Common Pleas, for the benefit of the insolvent laws of this Commonwealth, and if he will comply with all the requirements of the said law and abide all orders of the said court in that behalf, or in default thereof, and if he fail in obtaining his discharge as an insolvent debtor, that he shall, on the day of his so failing, surrender himself to the jail of the said county, then this obligation to be void, otherwise to be and remain in full force and virtue." The debtor presented his petition for a discharge under the Acts of June 12th 1842, and June 16th 1836 and the terms of the bond. Exceptions were filed to the discharge, which on hearing were sustained and the debtor, on the same day, surrendered himself and was lodged in jail. He subsequently filed a new petition under which he was regularly discharged. In an action upon the bond, *held*, that there was such a compliance with the acts as would suffice to discharge the sureties.

November 8th 1880. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

Error to the Court of Common Pleas, No. 2, of *Allegheny county :* Of October and November Term 1880, No. 135.

Debt by John Smiley and Elizabeth, his wife, in right of said wife, against A. T. Rowand, A. H. Rowand, Jr., and William F. Hope, on an insolvent bond given by A. T. Rowand, with the other two defendants as sureties. The bond was conditioned "that if the said A. T. Rowand shall within thirty days apply by petition to the Court of Common Pleas of Allegheny county, or to a judge thereof, if the court shall not within that time be in session, for the benefit of the insolvent laws of this Commonwealth; and if he will comply with all the requirements of the said law, and abide all orders of the said court in that behalf, or in default thereof, and if he fail in obtaining his discharge as an insolvent debtor, that he shall on the day of his so failing surrender himself to the jail of the said county, then this obligation to be void, otherwise to be and remain in full force and virtue."

On February 26th 1877 A. T. Rowand presented his petition for a discharge as an insolvent debtor, under the Acts of Assembly of July 12th 1842, Pamph. L. 339, Purd. Dig. 777, and June 16th

[Rowand v. Smiley.]

1836, Pamph. L. 731, Purd. Dig. 777, and the terms of his bond ; and the court directed the same to be filed, and fixed a day for a hearing of the said application, and directed that "fifteen days' notice of the said hearing be given by the said petitioner to his creditors personally of the time and place of said hearing."

Exceptions were filed to this discharge, which, after a hearing, were sustained on June 30th 1877, when Rowand surrendered himself and was lodged in jail. He afterwards filed a new petition under which he was regularly discharged.

The court instructed the jury as follows : "The question now arises, which is really the only question in the case, whether such a surrender relieves him and his sureties from liability on the bond. In order that the matter may be thoroughly tested by a consideration of the whole question by the court in banc, as has been suggested to the counsel in your hearing, we instruct you for the purposes of this case that the surrender did not operate to the discharge of the condition of the bond ; we will, therefore, take what is called a special verdict in this case, to wit, that you find for the plaintiffs in the sum of $15,000, the penalty of the bond, to be released upon the payment to the plaintiffs of $9773.33, being the amount of the judgment with interest, in No. 271, July term 1877, subject to the opinion of the court as to the effect of the surrender of A. T. Rowand to the warden of the county jail, and his imprisonment on the 30th day of June 1877, which we found to be the fact. And if the court should be of the opinion that the said surrender should operate as a legal bar to recovery on the part of plaintiffs, then judgment should be entered for defendant *non obstante veredicto.*"

The jury found accordingly, and the court entered judgment on the verdict for the plaintiffs, when defendants took this writ, and alleged that the court erred in this entry of judgment ; in framing the foregoing verdict and instructing the jury to find the same, and in entering judgment thereon, 1. Because if the finding of the jury was intended to be a special verdict then it did not find all the facts from which the court could intelligently arrive at a conclusion ; and 2. If it was intended to be the reservation of a point of law then also the facts upon which the point was reserved are not found or stated upon the record.

*D. T. Watson* and *Robb & Fitzsimmons*, for plaintiffs in error. —The only conclusion, under a fair construction of the Act of Assembly under consideration, is, that after the petition of the insolvent, containing all things necessary under the Act and properly sworn to and filed, and a hearing for a discharge fixed by the court, the failure to give notice to a creditor, when urged as an exception to the discharge of the insolvent, and a refusal by the court to discharge the insolvent for that cause,

[Rowand *v.* Smiley.]

the bond is not forfeited if the insolvent, upon the day so failing, surrenders himself to the jail of the proper county. An offer by the defendant in open court to surrender himself, and his afterwards going to and remaining in prison, will discharge his surety, and his subsequent release does not revive the liability of the surety: Mullen *v.* Wallace, 2 Grant 389; Power *v.* Graydon, 3 P. F. Smith 202; McDonough's Case, 1 Wright 276; Bartholomew *v.* Bartholomew, 14 Id. 200. These two latter cases establish the position that the surrender of the insolvent of his person saves the bond.

*Carnahan & Miller*, for defendants in error.—Is it not necessary for the petitioner, having given bond and filed his petition, to further comply with the Act of Assembly in that behalf and present a schedule of his property and his debts—a statement of the cause of his insolvency verified by affidavit, execute an assignment and give notice of the time and place of hearing to his creditors—and neglecting all these requirements of law, or any one, can he save his bond by surrendering himself to jail? We contend he cannot: Wolfram *v.* Strickhouser, 1 W. & S. 379; Detwiler *v.* Casselberry, 5 Id. 179. One of the most important requisites of the act is that the debtor is to give notice to his creditors. This the petitioner omitted to do, and went on to final hearing, although exceptions on that account and for that reason had been filed ten days before the last hearing.

Mr. Justice GORDON delivered the opinion of the court, November 22d 1880.

The principal defendants in this case are A. H. Rowand and W. F. Hope, sureties in the insolvent bond of H. T. Rowand. Their liability depends upon his compliance or non-compliance with the conditions of that bond. It was approved January 31st 1877, and was conditioned for his compliance with the provisions of the 6th section of the Act of June 16th 1836. The preliminary requirements of presenting his petition and filing schedules of assets and debts were complied with, but upon final hearing by the court on the 30th of June 1877, it was adjudged that the evidence was insufficient to show that the defendant had given personal notice to all his creditors in pursuance of the previous order of the 26th of February, and, in consequence, his application for discharge was refused. Thereupon he, the defendant, being then in court, surrendered himself and was remanded to jail. From this, it would seem to us, though the court below took a different view of the matter, that there was such a compliance with the act as would suffice to discharge the sureties. Here, as we have said before, was a faithful performance of the necessary preliminaries; he was present on final hearing, and failing to obtain his discharge, he

[Rowand *v.* Smiley.]

immediately surrendered himself to jail. With so literal a compliance with the insolvent act, we fail to understand how it comes that the obligation of the bond was not discharged. If, in a case like this, the alternative provision of the statute does not apply, we would like to know when, or under what circumstances, it does apply. If it be said the judgment of the court resulted from the default of the insolvent, we answer, true; but when is it that the refusal of a discharge does not result from such default? If he makes no default; if he complies with all orders and conditions imposed upon him, he is entitled to a discharge, and there is no necessity for a surrender. It is thus manifest that the doctrine of the court below destroys an important provision of the statute, a result which we cannot sanction.

This case is met in point by Mr. Justice BLACK, in Mullen *v.* Wallace, 2 Grant Cas. 389, where he says, where the petition is dismissed for non-compliance with some order, as where he does not appear at the time appointed, or fails to give his creditors notice, it is the debtor's right to determine whether his creditors shall have his body or his bond, and that this privilege, which the insolvent has of relieving his sureties by going to jail, cannot be taken from him by any act of the court. As far back as the case of Potter *v.* Norman, 4 Yeates 388, and under the Insolvent Act of 1798, we have it said by Chief Justice TILGHMAN, that the creditor had a right to have an account of the debtor's property and a surrender of it, and if he did not comply with the law by exhibiting his petition with a schedule annexed to it, containing an account, on oath, of all his property, he was obliged to surrender himself to prison. Thus, it would seem, that this eminent jurist was of opinion that the alternative ran through all the proceedings, and that the defendant might save his sureties by a surrender of his person at any time. This statement is probably broader than subsequent decisions will sustain, for, in Kelly *v.* Stepney, 4 Watts 69, it was held that a surrender before the day of appearance would not discharge a surety, but it is there admitted that it would be otherwise were the debtor remanded on hearing. A similar ruling was had in Wolfram *v.* Strickhouser, 1 W. & S. 379, where it was determined that the want of an appearance forfeited the bond, though there was a surrender. Detwiler *v.* Casselberry, 5 Id. 179, carries the ruling as far, and perhaps farther, against the insolvent than any other case. It is, indeed, extremely harsh and technical; rejecting the petition because the affidavit was made before the prothonotary, who was not empowered to administer the oath, and holding the bond not discharged by the surrender to jail of the principal, yet, even this case does not support the ruling of the court below in the action now before us.

To us, the reasonable rule seems to be that held in McDonough's Case, 1 Wright 275, that, in order to save his bond, the insolvent

[Rowand v. Smiley.]

must, on the day fixed for hearing, ask for his discharge, surrender himself to jail or procure a continuance.

As there was a compliance with this rule by A. T. Rowand, in that he appeared on the day fixed for hearing, asked for a discharge, and failing to obtain his request, surrendered himself to prison, we can but hold that the conditions of the bond were complied with and the sureties released.

Judgment reversed, and judgment on the special verdict for the defendants.