# Wolfe v. McDevitt, Appellant.

*Insolvency—Bond of insolvent—Failure to file petition—Surrender on first day of term—Principal and surety.*

Where a person who has been committed to jail by virtue of a ca. sa. and has given a bond conditioned upon his presenting his petition for the benefit of the insolvent laws, has failed to present his petition, his bond is properly forfeited; and the fact that he voluntarily surrendered himself on the first day of the term will not relieve his bondsman.

Where the condition of an insolvent's bond is that the debtor on the failure to obtain his discharge shall surrender himself to the jail at the proper county, a surrender to the sheriff, not followed by imprisonment, is not in compliance with the condition of the bond.

An insolvent is not excused from attending a hearing on his petition to be discharged under the insolvency laws because of the death of an uncle, where it does not appear that his presence at court was rendered impossible by the death of his uncle. If his bond is forfeited for failure to appear, his bondsman cannot complain.

The continuance of a hearing on a petition for an insolvent's discharge to a later date, without the knowledge and consent of the bondsman, is not a ground to relieve the bondsman of his liability on the bond.

Where a person has been committed to jail by virtue of ca. sa. issued on a judgment recovered against him on a suit for breach of promise to marry, and has given bond to take the benefit of the insolvent laws in accordance with the Act of June 16, 1836, P. L. 729, he cannot thereafter claim that the proceedings should have been instituted under the Act of June 4, 1901, P. L. 404. The insolvent in such a case does not come within the classes exempted from the operation of the Federal Bankruptcy Law.

Argued Oct. 25, 1916.   Appeal, No. 200, Oct. T., 1916, by defendants, from judgment of C. P. Northumberland Co., Feb. T., 1915, for plaintiff, on case tried by the court without a jury in suit of Mamie M. Wolfe v. Columbus B. McDevitt et al.   Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.   Affirmed.

544        WOLFE *v.* McDEVITT, Appellant.

Assumpsit on an insolvent's bond.

The case was tried by MOSER, J., without a jury.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was in entering judgment for plaintiff.

*C. R. Savage,* with him *J. A. Welsh,* for appellant.— If a petitioner fails to procure his discharge, that his surrender to the county jail will release his surety: Saunders v. Quigg et al., 112 Pa. 546; Marks et al. v. Drovers National Bank, 114 Pa. 490; Greenwaldt v. Kraus, 148 Pa. 517.

The condition of a bond for an appearance at an adjourned day will not be forfeited where attendance is prevented by sickness: Bauerle v. Fox, 8 Dist. Rep. 45; Scully v. Kirkpatrick, 79 Pa. 324.

*Geo. B. Reimensnyder,* with him *H. A. Coryell* and *C. M. Clement,* for appellee: Bartholomew v. Bartholomew, 50 Pa. 194; Com. v. Grimes, 116 Pa. 450; Claxron's Case, 1 Ashmead 102; McDonough's Case, 37 Pa. 275; Rowand v. Smiley, 96 Pa. 165; Spare's Case, 16 Pa. C. C. R. 158; Heilner v. Bast, 1 P. & W. 267; McFadden v. Dilly, 2 Pa. 61; Wolfram v. Strickhouser, 1 W. & S. 379; Frick v. Kitchen, 4 W. & S. 30; Detweiler v. Casselberry, 5 W. & S. 179; Stout v. Quinn, 9 Pa. Superior Ct. 179; O'Donnell v. Gordon, 12 Pa. Superior Ct. 23; Erwin v. Hudson, 24 Pa. Superior Ct. 72; Marks v. Willenski, 31 Pa. Superior Ct. 177.

OPINION BY TREXLER, J., March 9, 1917:

Columbus B. McDevitt was committed to jail by virtue of a ca. sa. issued on a judgment recovered against him on a suit for breach of promise to marry. He presented his petition under the Act of June 16, 1836, P. L. 729, praying to be discharged as an insolvent upon his giving a proper bond. The condition of the bond was as fol-

lows: "That if the said Columbus B. McDevitt shall appear at the next term of the Court of Common Pleas of said county, shall direct (sic) and then and there present his petition for the benefit of the insolvent laws of this Commonwealth, and comply with all the requirements of said law, and abide all the orders of the said court in that behalf, or in default thereof, and if he fail in obtaining his discharges as an insolvent debtor, and if he shall surrender himself to the jail of the said county, then this obligation to be void, otherwise to be and remain in full force and virtue."

On October 7, 1912, the first day of the next term, defendant appeared, but presented no petition, or otherwise attempted to comply with the requirements of the law. It appears in the testimony that he was surrendered to the sheriff of the county on that day. Exceptions were filed to his discharge, and the court appointed October 21, 1912, for the argument upon the exceptions. Defendant failed to appear on the latter date and the bond was forfeited. On November 4, he was surrendered to the warden of the county jail. Afterwards a petition was presented to remove the forfeiture, but the court refused it. Suit having been brought on the bond, the court, jury trial being waived, found in favor of the plaintiff.

It was decided in Wolfram v. Strickhouser, 1 W. & S. 379, that when the insolvent failed to present his petition, but voluntarily surrendered himself to jail on the first day of the term, his bond was properly forfeited for the reason that the conditions required by the bond were not complied with. In Kelly v. Stepney, 4 Watts 69, a surrender of the principal in an insolvent bond, before the day fixed for the appearance, did not discharge the bail.

The appellant cites cases that he claims bear out the contention that the defendant may surrender himself at any time, as long as the proceedings are undetermined. In the opinion of the writer none of these cases overrule

the decision in Wolfram v. Strickhouser, supra, that upon failure to present a petition the surrender of the debtor on the day fixed for its presentation will not relieve his bondsmen. Thus in Greenwaldt v. Kraus & Betz, 148 Pa. 517, the court held that the surrender of the insolvent to the jail on the day fixed for his final surrender after the adjournment of court was a compliance of the condition of the bond, but referred to the case of Wolfram v. Strickhouser, supra, and showed how it differed from the one before the court. Saunders v. Quigg, 112 Pa. 546, and Marks v. The Drovers' National Bank, 114 Pa. 490, are cases in which the surrender was made after the discharge was refused and plainly come within the alternative provisions of the bond.

Even if there were merit in the appellants' contention in this respect, we think the surrender of the debtor to the sheriff of the county was not a compliance with the bond. The condition of the bond is that the debtor on failure to obtain his discharge surrender himself to the jail of the proper county. If the sheriff had taken the debtor to jail, or if, being the custodian of the jail, as is the case in some counties, he had refused to accept the insolvent, or if the court had ended the proceedings for any reason, and had committed the defendant to jail, the conclusion would be different. In the present case no such facts appear. The condition being "that he surrender himself to the jail of said county," the surrender to the sheriff was a mere nullity: see Keim v. Saunders, 120 Pa. 121. The decision in Ranington v. Bennett, 3 Philadelphia Rep. 343 (1862), SHARSWOOD, P. J., is relied upon by the appellant. This decision is not binding upon us but is entitled to consideration by reason of the eminent character of the judge who made it. An examination of it shows that it is premised upon the assumption that the sheriff was the keeper of the jail in Philadelphia County. Keim v. Saunders (1888), supra, expressly decides that he is not. In Gallagher v. Kennedy, 2 Rawle 163, it was held that the surrender to the

sheriff on the first day of the term appointed for a hearing discharged the bail, but that was because the court had entered a final order directing that the insolvent should be surrendered to the custody of the sheriff in discharge of his surety.

The appellant claims that if we conclude that the debtor was not properly surrendered on the first day of the term that the bond should not have been forfeited by reason of his failure to be present on the date of the second hearing, because the reason of his absence was the sudden death of an uncle who lived in the same house with him and whose death occurred the day before the date fixed for the hearing; that the death of the uncle was the act of God and therefore excused his failure to appear. The trouble with appellant's contention is that it does not appear that his presence at court was rendered impossible by the death of his uncle: Smith v. Barker, 6 Watts 508. The judge who tried the case found that there was not sufficient reason given to excuse defendant's absence and we see no cause for disturbing that finding. As was said by the trial judge, "the death of the uncle afforded no good reason under the law why the insolvent or his counsel should not have appeared before the court at the time appointed to proceed with his cause or, at least, move the court for a continuance of the proceedings to some future date."

The defendant urges that the continuance to the second day of the hearing was merely for the purpose of arguing the exceptions which had been presented to the discharge. Waiving the inconsistency of the two grounds that he gives for his absence, one, that he could not come on account of the death of his uncle, and the other, that it was not intended that he should come, we think it was his duty, if the continuance on the first day was for a special purpose, to have the court fix a definite date for a hearing for his final discharge, or at least have a continuance to a day certain. As has been said in a number of cases, the insolvent is the actor. It is for him

to set in motion the machinery of the law which is to result in his discharge: Bartholomew v. Bartholomew et al., 50 Pa. 194, and having started it diligently keep it in motion: O'Donnell v. Gordon, 12 Pa. Superior Ct. 23. The argument that the continuance to a later date was without the knowledge and consent of the bondsmen is without merit. We know of no provision in the law that requires notice to them and there are no authorities cited in the argument to sustain this contention.

The question is now raised that the proceedings should have been instituted under the Act of June 4, 1901, P. L. 404, instead of the Act of 1836. Nothing appears on the record which would show that the insolvent comes within the classes exempted from the operation of the Federal act, hence as to him the Act of 1901 is suspended: Potts v. Smith Mfg. Co., 25 Pa. Superior Ct. 206; Miller v. Jackson, 34 Pa. Superior Ct. 31. As the petitioner proceeded under the Act of 1836 and has in part received the benefit of said act, he cannot now take the position that the act does not apply to him, unless he has produced evidence to show that he comes within the classes excepted by the Federal act. This he has not done.

All the assignments of error are overruled and the judgment is affirmed.