## Frick *against* Kitchen.

The discharge of one who gives bond for his appearance to take the benefit of the insolvent law, by a Judge or the prothonotary, is binding upon the sheriff who has the debtor in custody, whether the bond given be legal or illegal.

A petitioner for the benefit of the insolvent law, whose application has been rejected, in order to relieve his security, must surrender himself upon the day of his rejection; a subsequent surrender is ineffectual, and an escape from it would not charge the sheriff with the debt.

ERROR to the Common Pleas of *Columbia* county.

Benjamin P. Frick, Theodore Wells and Thomas Ellis against William Kitchen, sheriff of Columbia county. This was an action for an escape. It appeared in evidence that a *ca. sa.*, issued at the suit of the plaintiffs against William Bennet for $237, upon which he was arrested and imprisoned; on the 15th of June 1837, the debtor petitioned the prothonotary for leave to give bond to take the benefit of the insolvent law, and gave bond, with security, to *Schuyler*, *Frick & Co.* whereupon he was discharged by the sheriff from custody. On the 19th of August 1839 the application of the petitioner was rejected, and on the 20th of August he surrendered himself to jail; from which he was released by the sheriff on the 23d of August.

The plaintiffs' declaration contained two counts: the first charged the defendant with an escape of the defendant in the execution, on the 15th of June; the second, with an escape on the 23d of August, after he had surrendered himself. Upon the first count the plaintiff contended that the bond given to *Schuyler*, *Frick & Co.* did not justify the sheriff in discharging the debtor from the arrest upon the writ of Frick, Wells and Ellis; and upon the second count they claimed to recover on the ground that the debtor having surrendered himself, the sheriff was bound to detain him in custody.

Lewis, President, instructed the jury, that the acceptance of the bond and discharge by the prothonotary was obligatory upon the sheriff, who was not bound to look to the nature of the bond given by which the discharge was procured. That the surrender of himself by the debtor on the next day after his application for the benefit of the insolvent laws was rejected, was a nullity; that it did not discharge the bail in the insolvent bond from liability, and did not impose any obligation on the sheriff to keep the debtor in custody; his release of him, therefore, would not charge him with an escape. The court directed a verdict for the defendant.

*Comly*, for plaintiff in error.
*Greenough*, for defendant in error.

[Frick v. Kitchen.]

The opinion of the Court was delivered by

HUSTON, J.—The plaintiffs allege a judgment in their favour against William Bennet for $237; that they issued a *ca. sa.* which was delivered to the defendant, then sheriff of the county, who arrested Bennet and permitted him to escape. Another count sets out the same judgment, the *ca. sa.* and arrest of Bennet, and that he presented his petition for the benefit of the insolvent law to the prothonotary of the Common Pleas of Columbia county, in due form, and that Bennet gave bond with security for his appearance at the next Court of Common Pleas to present his petition, &c. or on failure to comply with the orders of said court, &c. surrender himself to the jail of the county; and thereupon Bennet, on the 15th of June 1839, was by the prothonotary discharged from imprisonment; that his petition, &c. on hearing before the Common Pleas, was, on the 19th of August 1839, dismissed; and thereupon Bennet, on the 20th of August 1839, in discharge of his bond aforesaid, surrendered himself to W. Kitchen, sheriff, &c. in execution on the writ of plaintiffs, and so being in custody continued until the 23d of August 1839, when the sheriff permitted him to go at large, &c.

After the proper pleas and issues, the cause went to trial. The facts stated in the narr. were proved, except that on producing the bond approved by the prothonotary, it appeared that it recited the *ca. sa.* to have issued at the suit of Schuyler, Frick & Co.; and it was contended this avoided the order to discharge Bennet, and the sheriff was not justified in permitting him to go at large.

Our insolvent law of 16th June 1836, in section 4, provides; "it shall be lawful for any Judge of the Common Pleas of the county, or for the prothonotary of such court, to make an order for the discharge of any debtor arrested, detained or held by virtue of any process or bailpiece, on his giving bond to the plaintiff in such suit or proceeding, in such manner, and with such security as shall be approved by such Judge or prothonotary."

Section 5. "The order of such Judge or prothonotary shall direct the officer or other person having such debtor in custody or confinement, forthwith to discharge such debtor on his paying the jail fees, if any."

The objection taken here and in the court below, was, (though it does not appear in the narr. or pleadings), that there was in the bond a misnomer of the plaintiffs at whose suit Bennet had been arrested. The sheriff does not take the bond or see it; the jurisdiction is given, as to this matter, to the Judge or prothonotary. If the matter is within this jurisdiction, the sheriff must obey the order to discharge or be liable for false imprisonment. An irregular or erroneous order he must obey, if the matter is within the jurisdiction which made it; an order by a court or officer having no jurisdiction of the matter is void, and the sheriff would not be justified by it. *Watson's Sheriff* 140, 534; 8 *T. R.* 424; 10 *Rep.*

[Frick v. Kitchen.]

76. On the first count, then, it was stated in the narr. and shown in court, that the order to discharge was made by one having express authority, and the sheriff cannot be held responsible for obeying it.

On the second count it was stated, and admitted, that the 19th of August was the first day of the next term; also that on that day Bennet appeared, was heard, and his application dismissed. It was proved, and not denied, that after this Bennet was eight miles from the jail, and on the next day returned and went into the prison, and three days after escaped. The condition of the bond to be given by the insolvent is to appear, &c. and abide all orders of the court in that behalf or in default thereof, and if he fail to procure his discharge as an insolvent debtor, that he shall surrender himself to the jail of the said county. This latter clause has been construed in 4 *Watts* 69; 1 *Watts & Serg.* 379. I would not, for myself, divide a day, and say he must set out to jail the instant the opinion of the court was delivered; but it must be on that day. If we allow a surrender at any time after, at what point are we to stop; a week, a month, or a year? His return to jail, then, was a useless, and, for all legal effect, a void act. He was not lawfully in the custody of the sheriff; and he could not lawfully detain him; and is not answerable for his going at large. The charge of the court was right on this point also.

Judgment affirmed.