## COMMONWEALTH v. THOMAS GRIMES ET AL.

### ERROR TO THE COURT OF COMMON PLEAS OF BEDFORD COUNTY.

Argued May 11, 1887—Decided May 23, 1887.

1. A special verdict must be accepted as the complete result of the jury's deliberation upon the whole case; and it cannot be aided by the evidence, or by any extrinsic matter. The judgment entered thereon must be the logical legal conclusion to be drawn from what the jury has placed upon the record as the specific, exact and complete facts of the case.

2. In a proceeding for the benefit of the insolvent laws, the petitioner is the actor. Under the condition of his bond, he is bound to keep in motion the proceedings which are to result in his discharge, provided in §§ 9 to 15 inclusive of the act of June 16, 1836, P. L. 733.

· 3. The bond of the petitioner is not an engagement to the court, but an obligation prescribed by statute as a security for creditors, and there is no power in the court to relieve from its provisions.

4. A prisoner gave bond for his appearance to present his petition for the benefit of the insolvent laws, and was released from· custody. At the next term, though no day had been designated by the court, notice had been given for a day certain, and on that day the petitioner was discharged. Subsequently the order of discharge was revoked and petitioner permitted to surrender himself. This he did not do, but filed a new petition and bond. In an action upon the original bond, *held*, that by the petitioner's failure to proceed upon his original petition the bond was forfeited.

Before MERCUR, C. J., GORDON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.; PAXSON, J., absent.

No. 356 January Term 1887, Sup. Ct.; court below, No. 405 September Term, 1886.

In an action of debt by the commonwealth, for use of Annie Collins, against Thomas Grimes and Simon P. Whited, upon the bond of Grimes (with Whited as surety) as a petitioner for the benefit of the insolvent laws, on November 22, 1886, the jury found the facts fully appearing in the opinion of this court and proceeded:

We also find that the amount presently due, as per calculation attached as part of our finding, is $163.39, besides the Supreme Court costs, $17.00, and that $165.75 will in the future fall due in quarterly payments of $9.75, according to the original sentence.

But that we are ignorant in point of law on which side we ought, on these facts, to find the issue. That if upon the whole matter the court should be of opinion that the issue is proven for the plaintiff, we find for the commonwealth the sum of $500, plaintiff accordingly, and assess the damages at $180.89, as presently due, and $169.75 as falling due in quarterly payments of $9.75, the first quarter of which falls due 20th January, 1887; but if the court are of an opposite opinion, then *vice versa.*

Subsequently the court, *W. J. Baer, P. J.,* entered judgment upon the verdict in favor of the defendants, whereupon the plaintiff took this writ, assigning the entry of judgment for the defendants as error.

*Mr. John Cessna,* for the plaintiff in error:

There is no discretionary power anywhere to relieve against the contract of one whose responsibility has been incurred not by an engagement to the court, attended with peculiar incidents, but by an obligation on conditions prescribed by statute: Kelly v. Stepney, 4 W. 69; Claxton's Case, 1 Ash. 102; Smith v. Barker, 6 W. 508; Taylor's Case, 1 Pears. 191; Frick v. Kitchen, 4 W. & S. 30; Wolfram v. Scrickhauser, 1 Idem 379; Egbert v. Darr, 3 Idem 517; Detwiler v. Casselberry, 5 Idem 179; McDonough's Case, 37 Penn. St. 275; Bartholo-

mew v. Bartholomew, 50 Idem 194. Under these authorities, the petitioner, when he failed to obtain his discharge, had one of two courses to pursue, either to surrender himself to prison or forfeit his bond.

*Mr. Samuel T. Brown (Kerr & McNamara* with him), for the defendants in error:

1. The rule entered by the court on April 20, 1886, to show cause why the discharge should not be revoked, the order of April 26, 1886, and the filing of the new bond to appear at the next term, satisfied and superseded the old bond of July 20, 1885, on which this suit was brought: McClure v. Foreman, 4 W. & S. 279; Johnson v. Turner, Idem 465.

2. Even if the revocation of the order of discharge could or did renew the old bond, yet at the same instant of time it was so renewed, the hearing was continued by the court and afterwards regularly continued from time to time until at a final hearing the defendant was discharged. The application for discharge was one continuous suit or proceeding, and any suit brought on the bond while it was pending was premature: McGovern v. Hoesback, 53 Penn. St. 176.

OPINION, MR. JUSTICE CLARK:

In the determination of this case we are necessarily confined to the specific facts found by the jury. A special verdict must be accepted as the complete result of the jury's deliberation upon the whole case; it cannot be aided by the evidence or by any extrinsic matter: Tuigg v. Treacy, 104 Penn. St. 493. The judgment entered thereon must be the logical legal conclusion, drawn from what the jury has placed upon the record as the specific, exact and complete facts in the case.

It is established by the verdict that Thomas Grimes was convicted of the crime of fornication and bastardy on the 20th April, 1885, and was on the same day, after sentence, committed to the county jail, where he remained in confinement for three months; that on the 20th July, 1885, he gave bond in the sum of $500, with Simon P. Whited as surety, for his appearance at the next term of court, to present his petition for the benefit of the insolvent laws, and was thereupon discharged from custody. On the 9th September, 1885, after a

hearing, Grimes, the insolvent, was discharged. No day had been designated for the hearing by the court, but notice had been given for the 9th September, 1885, and the hearing was had on that day. To this order and decree for the defendant's discharge, a writ of error was taken, and the proceedings were removed to this court.

On the 20th April, 1886, however, the Court of Common Pleas, of its own motion, entered a rule to show cause why the order for the insolvent's discharge should not be revoked, which rule, on the 26th April, was made absolute, and Grimes was permitted to surrender himself, if he saw fit, which, however, he did not do. On the 27th April he presented to the court a new petition alleging that he was actually in custody, and filed a bond conditioned for his appearance at the then next term of the court, to present his petition for the benefit of the insolvent laws.

On the 12th May, 1886, this court reversed the order of 9th September, 1885, and awarded a *procedendo.*

At the next term of the Common Pleas, on the 6th September, 1886, the insolvent presented his second petition for the benefit of the insolvent laws, in accordance with the conditions of his second bond, and a day was fixed for hearing thereof; the cause was several times continued, without prejudice, but the verdict does not show that any final order has been made.

It seems very plain indeed that the effect of the revocation of the order and decree of 9th September, 1885, and the subsequent reversal of the same, and the award of a *procedendo* by this court, was simply to leave the insolvent's original application open and undisposed of. The record of that proceeding then remained as if no order had been made, and it was the insolvent's duty diligently to prosecute the suit to final decree. If the order of the court had been prematurely made, upon the revocation or reversal of that order, the insolvent still had a right to his day in court; he was not answerable for the judgment of the court, if he were himself in no default. It was the duty of the court, either by general rule or by special order, to fix a day for the hearing. The applicant in such cases, however, is the actor; he must set the machinery of the law in motion. It was his duty to ask the court to fix a day,

to give the notice, to exhibit the amount and nature of his indebtedness, to take the oath, make the assignment, and ask for his final discharge : Bartholomew v. Bartholomew, 50 Penn. St. 194; McDonough's Case, 37 Penn. St. 275. It was the condition of his bond that he would comply with all the requisitions of the law, and abide all the orders of the court in this behalf.

Up to the time of the revocation of the order for his discharge the applicant does not appear to have been in any default. It was then his duty, however, as we have said, either to ask the court to fix a day for the hearing or to surrender himself to the jail of the county. He did neither. He presented a new petition and gave a new bond, conditioned for his appearance at the then next term of the court, to take the benefit of the insolvent laws. This was, of course, an abandonment of the original application, and caused a forfeiture of his first bond, upon which this suit is brought. An insolvent debtor cannot, during the pendency of the proceedings on one application for the benefit of the insolvent laws, file another and another and thus prolong the period of his liberation from confinement by a succession of suits.

It may be said that Grimes, in his answer to the rule to show cause why the order of 9th September, 1885, should not be revoked, did ask the court to fix a day for hearing, and the court suggested that as he was in no default he might make his application anew. But neither of these facts are found by the jury; and if they were, the suggestion of the court could not change the law, or affect the rights of the creditors, and the request for a day was never renewed; see Bartholomew v. Bartholomew, *supra.* There is no discretionary power in the court to relieve the applicant from the plain provision of his contract. The bond is not an engagement to the court, but an obligation prescribed by statute as a security for creditors : Kelley v. Stepney, 4 W. 69; Claxton's Case, 1 Ash. 102.

It may be conceded, that no suit could have been sustained on the bond, whilst the discharge of September 9, 1885, stood in the way. But that order was both revoked and reversed, and the original proceeding abandoned. The filing of a new petition and a new bond did not satisfy or supersede the old

one, nor can these later proceedings be regarded as a continuance of the original application. The case of McGovern v. Hoesback, 53 Penn. St. 176, is not in conflict, but rather in accord with the views herein expressed.

Whether the order of 9th September, 1885, was rightly revoked, or whether this court was right in afterwards reversing it, are matters not now before us; we take the record as we find it.

We are of opinion that the learned court erred in entering judgment for the defendants; therefore,

The judgment is reversed, and judgment is now entered on the special verdict in favor of the plaintiff, in the sum of five hundred dollars, and the damages are assessed at $350.64; $180.89 thereof presently due with interest from 22d November, 1886, and the residue, $169.75, in quarterly payments of $9.75 each, the first of which fell due 20th January, 1887.