## William Crissy, Appellant, v. Frederick Gustav Vogt.

*Insolvency—Practice, C. P.—Presentation of petition equivalent to appearing.*

The presentation of a petition for the benefit of the insolvent laws is an appearance within the meaning of the act of 1836 and fulfils the condition of a bond " to appear at the next term of court and there present his petition for the benefit of the insolvent laws," etc.

Argued Dec. 14, 1898. Appeal, No. 155, Oct. T., 1898, by plaintiff, from judgment of C. P. No. 1, Phila. Co., Sept. T., 1897, No. 133, in favor of defendant non obstante veredicto. Before RICE, P. J., ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ.    Affirmed.

Assumpsit.    Before BIDDLE, P. J.

It appears from the record and evidence that the plaintiff recovered judgment against one Charles Godel in an action of trespass and that defendant, Godel, did petition the court below for the benefit of the provisions of the act of June 16, 1836, P. L. 729, for insolvent debtors, and did execute and deliver to William Crissy, the plaintiff, the following bond, signed and sealed by Frederick Gustav Vogt:

" Know all men by these presents, that we, Charles Godel and Frederick Gustav Vogt, are held and firmly bound unto plaintiff, William Crissy, in the sum of one thousand dollars lawful money of the United States of America, to be paid to the said William Crissy, executors and administrators; to which payment well and truly to be made, we do bind ourselves, our heirs, executors and administrators, jointly and severally, firmly by these presents. Sealed with our seals, dated the twenty-sixth day of April, one thousand eight hundred and ninety-seven.

" Whereas, the above bounden, Charles Godel, hath been arrested or detained in the County of Philadelphia, by virtue of a capias ad satisfaciendum at the suit of the said William Crissy, for the sum of five hundred dollars, and the said Charles Godel having made application to the        of the Court of Common Pleas, No. 1, of the County of Philadelphia, in compliance with

the provisions of the Act of the General Assembly of the Commonwealth of Pennsylvania, passed the sixteenth day of June, one thousand eight hundred and thirty-six, entitled 'An Act relating to Insolvent Debtors,' to give bond to the said William Crissy, with such security as should be required and approved by the said Prothonotary, and the said Prothonotary, upon the said application, having required security in the sum of one thousand dollars and having approved of the said Frederick Gustav Vogt as security for the said

"Now the condition of this obligation is such, that if the said Charles Godel shall appear at the next term of the Court of Common Pleas, No. 1, of the said County, and then and there present his petition, for the benefit of the Insolvent Laws of this Commonwealth, and comply with all the requisitions of the said law, and abide all the orders of the said Court in that behalf, or in default thereof, and if he fail in obtaining his discharge as an insolvent debtor, that he shall surrender himself to the jail of the said county; then this obligation to be void, otherwise to be and remain in full force and virtue."

This suit was brought by plaintiff on the bond, and verdict was given for plaintiff for $552.62, with a point reserved: "Whether there is any liability on the bond of the 26th of April, on the part of the defendant, the bond requiring Charles Godel to appear at next term of court, and it having begun on the first Monday of June, and having extended to the third Monday of September, which was the 20th of September, 1897; the petition having been filed September 16, 1897, and the rules of court requiring the petition to be advertised." (See Rule 21, sections 1 and 2.) Judgment was entered on this verdict on point reserved non obstante veredicto. Plaintiff appealed.

*Error assigned* among others was in entering judgment for defendant on the point reserved non obstante veredicto.

*William C. Mayne,* for appellant.—The court cannot dispense with the requisitions of the law, because the bond is not an engagement to the court, but an obligation prescribed by statute as security for the creditors: Commonwealth v. Grimes, 116 Pa. 452; Wolfram v. Strickhouser, 1 W. & S. 379; Detwiler v. Casselberry, 5 W. & S. 179; Greenwaldt v. Kraus, 148 Pa. 517

The error of the court below is apparent in the charge to the jury. It assumes it can treat the mere filing of the petition within four days of the expiring term, as an appearance. It assumes it can continue without the need of the fifteen days' notice to creditors, and it overlooks the provisions of the law as well as the bond that he will comply with all the requisitions of the law. It overlooks the fact that it is the applicant who is to see that a day for a hearing is fixed, and for this purpose must appear within the next term, and failing in this must surrender himself to the county jail.

The record shows that he did not appear until October 23, 1897, and this must be decisive of this matter: Bartholomew v. Bartholomew, 50 Pa. 194.

*John R. K. Scott*, for appellee.—It is not necessary to have hearing during the same term in which petition is filed: Taylor's Application, 3 Luz. L. & D. 109.

In Bartholomew v. Bartholomew, 50 Pa. 194, petition and bond was filed February 14, 1861. On April 15, 1861, petition for discharge was filed, but no hearing fixed, and bond declared forfeited some months later because of the failure on the part of insolvent to fix day for hearing.

The hearing is not necessarily fixed at the same term at which petition for discharge is filed: McDonough's Case, 37 Pa. 275.

By the record it shows that the first day fixed for the hearing of insolvent was October 23, 1897, which was continued unto November 20, 1897, by order of court. Therefore, up to that time we had saved our bond. November 20, 1897, the insolvent appeared, had a hearing and was discharged. Therefore, our bond was relieved: Fritts v. Doe, 22 Pa. 335.

By this authority the discharge, as shown by the record in this case, offered in evidence by plaintiff, the insolvent, Godel, was discharged, therefore, it is conclusive that he did comply with all the laws of this commonwealth and with the orders of the court: Sheets v. Hawk, 14 S. & R. 173.

The record of the discharge of an insolvent debtor is conclusive to the fact of his having complied with all things required by law to entitle him to a discharge, and cannot be inquired into in a collateral action: Greenwaldt v. Kraus, 148 Pa. 517.

OPINION BY WILLIAM W. PORTER, J., February 17, 1899 :

The bond sued on contains the condition prescribed by the act of 1836. It is "that said debtor shall appear at the next term of the court of common pleas of the said county, and then and there present his petition for the benefit of the insolvent laws of this commonwealth, and comply with all the requisitions of the said law," etc.

The next term of the court of common pleas, after the delivery of the bond, ended on September 20, 1897. The debtor filed his petition September 16, 1897. The next entry on the record is October 23, 1897, "the defendant appearing, continued by written order of above court until November 20, 1897." On November 29, 1897, proof of publication being filed, the petitioner was discharged.

After the petition is presented, the act of 1836 requires the court to fix a time for the hearing. This was done, although not within the limitation of the "next term." We find no difficulty in confirming all that the court did. The only question that might be considered debatable is, whether the presentation of the petition was an appearance within the meaning of the act. We are of opinion that it was ; and that, the record showing nothing to the contrary, the fact of presentation of the petition is sufficient proof of an appearance. This construction is not overthrown by the recital on October 23, that the defendant appeared, as shown by the record. The fact that he appeared on October 23, is not proof that he did not appear at the time of the presentation of the petition; nor is it necessary that the record should show actual appearance. The proceedings having led up to a discharge, we will presume that the court below conducted them in accordance with the requirements of law, in the absence of evidence showing the contrary.

The court was competent to discharge,— they have discharged, they have decided that the insolvent has complied with all things required by law to entitle him to his discharge,—that he has abode by all orders of the court, and this is all the bond covenanted he should do : Sheets v. Hawk, 14 S. & R. 173 ; Fritts v. Doe, 22 Pa. 335. The language of Mr. Chief Justice PAXSON, in Greenwaldt v. Kraus, 148 Pa. 517, used in construing the effect of an omission in the proceedings in an

insolvency case, may be here appropriately applied.  He says: "The law does not now wholly disregard technicalities, but it shrinks from impaling a man upon sharp points, which have no relation to the justice of the cause."

Judgment affirmed.