## Patrick O'Donnell *v.* Robert Gordon, Appellant.

*Delay of application for relief under insolvent law—Liability of surety.*
During the pendency of an appeal the performance of the obligation under a bond to apply for the benefit of the insolvent laws may be suspended and the time extended, but the record having been returned and the litigation decided against the debtor, the latter is bound to act promptly and to apply at the next day fixed for such applications, and having failed to make such application liability attaches under the bond.

Argued Oct. 5, 1899. Appeal, No. 81, Oct. T., 1899, by defendant, from judgment of C. P. No. 3, Phila. Co., March T., 1897, No. 670, for want of a sufficient affidavit of defense. Before RICE, P. J., BEAVER, ORLADY, SMITH, W. W. PORTER and BEEBER, JJ. Affirmed. Opinion by BEEBER, J.

Rule for judgment for want of a sufficient affidavit of defense.
It appears from the record that Patrick O'Donnell began a suit against Thomas Flanigan on March 23, 1897, for damages for personal injuries and obtained a verdict for $324. A capias ad satisfaciendum was issued by virtue of which Thomas Flanigan was arrested and committed. On March 12, 1898, Flanigan gave bond and filed a petition for his discharge from custody, and was thereupon discharged. On March 16, 1898, Flanigan obtained a rule nunc pro tunc to show cause why a new trial should not be granted, and the court ordered all proceedings to stay in the mean while, and on May 27, 1898, the rule was made absolute, whereupon O'Donnell appealed to the Superior Court, and the judgment of the lower court was subsequently reversed, and the record with remittitur returned to the lower court on December 16, 1898: O'Donnell v. Flanigan, 9 Pa. Superior Ct. 136. On February 17, 1899, during the pendency of December term, 1898,—the term during which the record was returned from the Superior Court,—Patrick O'Donnell began suit in this case against Robert Gordon, who was security upon the insolvent bond filed by Thomas Flanigan, alleging as a breach thereof the failure of the said Thomas Flanigan to file a petition for the benefit of the insolvent laws and present himself for hearing on February 8, 1899, upon

which date an insolvent list was called in No. 3 court of Philadelphia county.

The court below entered judgment for want of a sufficient affidavit of defense. Defendant appealed.

*Errors assigned* among others were (1) in entering judgment for want of a sufficient affidavit of defense. (4) In holding that it was too late for Thomas Flanigan to appear for hearing in the insolvency proceedings in April, 1899.

*Henry K. Fries*, with him *Ward & McCullen*, for appellant. —It is submitted that the proceedings having been stayed by order of court on March 16, 1898, and it being practically conceded that Flanigan could not have proceeded in any way with his application for the benefit of the insolvent law until the return of the record on December 16, 1898, that on December 16, 1898, Flanigan, so far as his insolvency proceedings were concerned, was in the same position that he was on March 16, 1898, when all proceedings were stayed,—that is, he was required under his bond to appear at the next term of court, which would mean any time during March term, 1899, which extended until the first Monday of June, 1899.

It is submitted on the part of appellant that this suit having been brought on February 17, 1899, which was during December term of 1898, is premature in any view of the matter which the court may take: Bailie v. Wallace, 10 Watts, 228; Mason v. Benson, 9 Watts, 287.

*DeForrest Ballou*, for appellee.—The contention summarized is, the appellee claims that it was the duty of Flanigan to present his petition or surrender himself at the next insolvent court after the remittitur came from the Superior Court, and was filed in the court below, that court being held nearly a year after the next term after the bond was entered; and appellant contends that he was not obliged to surrender himself until the next succeeding term after the remittitur was filed in the court below.

Appellant, in his argument, presents no authority which supports his contention; the cases cited by him do not sustain his position. On the contrary, there is ample authority to sustain the court below in entering judgment.

The petition must be presented to the next term at which it can possibly be done :. Waln v. Shearman, 8 S. & R. 357 ; Kindt v. McDonald, 5 W. N. C. 38 ; Bartholomew v. Bartholomew, 50 Pa. 194.

Where a time has been fixed by court for hearing a petitioner and his creditors, the petitioner, if he would save his bond, must either ask for a discharge, surrender himself to jail, or procure another day for a final hearing. The statute requires of him an active compliance with its provisions : McDonough's Case, 37 Pa. 275.

The above rule has been universally followed by the lower courts : Matter of Taylor, 1 Pearson (Pa.), 191.

OPINION BY BEEBER, J., November 20, 1899.

The bond upon which this suit was brought was given by the defendant, on the 12th day of March, 1898, to secure the discharge of Thomas Flanigan from prison in which he had been confined by virtue of a writ of capias ad satisfaciendum issued against him on March 9, upon a judgment obtained against him on January 22, of that year. The petition of Thomas Flanigan, filed with the bond, was for his discharge from custody and was in compliance with the provisions of the 4th section of the Act of June 16, 1836, P. L. 729. The condition of the bond was that it was to be void if Flanigan should appear at the next term of the court of common pleas and present his petition for the benefit of the insolvent laws of this commonwealth and comply with all the requisitions of the said laws and abide all the orders of the said court in that behalf, or, in default thereof, and if he fail in obtaining his discharge as an insolvent debtor, that he shall surrender himself to the jail of said county. According to the date of this bond, the next term at which Flanigan was to present his petition was June term, 1898. On the 16th of March, Flanigan, with leave of court, filed a motion and reasons for a new trial, all proceedings to stay in mean while, in the case in which judgment was got on January 22, 1898. On the 27th of the following May the court entered an order allowing a new trial. On the 22d day of September following the plaintiff appealed to this court from the order of the court below allowing a new trial. We reversed this order : O'Donnell v. Flanigan, 9 Pa. Superior Ct. 136. On the 16th of the follow-

ing December the record was returned to the court below and
filed showing a reversal of the order granting a new trial.

On the 17th day of February, 1899, this suit was brought on
the bond. Plaintiff's statement contained a copy of the bond,
averred that the court below had fixed February 8, 1899, as the
time for hearing insolvent ·cases, which was the next insolvent
court held therein after the return of the record, and the next
term of said court after March term, 1898, and after the expira-
tion of the stay of proceedings granted by the court, at which
Flanigan should have ' presented his petition for the benefit of
the insolvent laws, according to the terms of the bond, that no
notice, either personally or by advertisement, was ever given by
Flanigan either to plaintiff or any of his creditors, as required
by the act of assembly, that insolvency proceedings came on
to be heard on the 8th day of February in said court but Flan-
igan failed to present his petition for the benefit of the insol-
vent laws, or to comply with all the requirements of the said
law and abide by the orders of the said court in that behalf, and
that he did not then, nor at any time since, surrender himself
to the jail of the said county. The relevant parts of the affi-
davit of defense were that Flanigan had performed every obli-
gation imposed by the said bond and the law in such case made
and provided, and that he was not obliged by the said bond, or
by law to appear on the 8th day of February, 1899, for the pur-
pose of presenting his petition and of notifying his creditors.
All the other material averments of the statement are taken as
true since they are not denied. That part of the affidavit alleg-
ing that Flanigan had done all the bond and law required of
him need not be noticed as it is a statement of a mere legal
inference from facts not disclosed. Whether or not Flanigan
did all the bond and law required of him depends upon what
he did. As the affidavit does not disclose this it is not sufficient
to prevent judgment.

The other part of the affidavit raises the only question in the
case, which is, was Flanigan obliged to present his petition for
the benefit of the insolvent laws not later than February 8,
1899? In the consideration of this question it is to be observed
that the bond in this case is a contract prescribed by statute
made by the obligors with the creditor. It is an agreement to
do the things required by the insolvent laws at a certain fixed

time.  Its purpose is to secure the temporary liberty of the
debtor so that he may not be fettered in the steps he may find
it necessary to take to secure relief, and it is also intended to
secure the creditor by compelling the debtor to proceed promptly
to obtain his discharge or to return himself to prison.  Such
being its purpose it is clear that the court should not give it a
construction that would tend to postpone unduly the time for
presenting the petition and starting the proceedings which are
to culminate in a discharge of the debtor or in his return to the
power of the creditor.  If Flanigan, after having given this
bond jointly with the defendant, had not made an application
for a new trial or had failed to secure an order allowing a new
trial, his contract would have obliged him to present his peti-
tion at June term, 1898.  When he secured an order directing
a new trial he made it necessary for the plaintiff to appeal to
this court if he desired to have preserved the contract or bond
of Flanigan and this defendant given some few days before.
That the order directing a new trial was a destruction of the
plaintiff's legal interest in the judgment has been decided by
this court.  Whilst we may agree that during the pendency of
the appeal the performance of Flanigan's obligation may have
been suspended, we cannot agree that it had the effect of ex-
tending the time of its performance to any time that suits him
during the term within which the record was returned and filed
in the court below when this latter date is beyond the next term
mentioned in the bond.  The debtor is the actor in these in-
solvency proceedings.  It is his duty promptly to set the ma-
chinery of the court in motion and diligently to keep it in motion.
He is the one who is seeking the relief and he must pursue it.
The creditor has nothing to do with it.  He can only appear
and oppose the discharge.  Flanigan obtained his freedom not
only for the length of time which his bond was designed to get
for him, but for a much longer time, owing to the usual delay
incident to legal proceedings.  When the record was returned
and filed in the court below on the 16th day of December, 1898,
the next day, fixed by standing rule of court, at which he could
present his petition for the benefit of the insolvent laws was
February 8, 1899, more than fifty days distant.  This was ample
time for him to do all that was necessary to comply with the
requisitions of the law in reference to this subject.  It was with-

in one month of a year from the day he secured his discharge from prison, and nearly five months more time than his bond gave him. It would be a wide departure from the rule of the many decisions on this subject requiring the utmost diligence and despatch, if we should now decide that he still had further time to discharge his obligations. Abundant authority for the principles above set forth is found in Frick v. Kitchen, 4 W. & S. 30, McDonough's Case, 37 Pa. 275, Bartholomew v. Bartholomew, 50 Pa. 194, and Com. v. Grimes, 116 Pa. 450.

Flanigan failed to present any petition at any time, even up to the time of the filing of the record in this court under the 6th section of the Act of June 16, 1836, P. L. 729. It is true he filed, on April 4, 1899, what he called an amended petition to his petition for a discharge filed March 12, 1898. But his petition of the latter date was not the one which he had engaged to file at the next term. It was one filed under the 4th section of the act designed to secure his discharge from prison, and when he filed it he entered into a contract evidenced by the bond to file another petition at the next term. This other petition was to be one " for the benefit of the insolvent laws of this commonwealth. " No such one having ever been filed there could be no amendment filed to it. The amended petition filed April 4, 1899, could not properly be an amendment to the one of March 12, 1898 : McDonough's Case, supra.

There is nothing in Crissy v. Vogt, 9 Pa. Superior Ct. 418, that conflicts with the foregoing views. All that we decided in that case was that the presentation of the petition for the benefit of the insolvent laws within the next term was a compliance with the condition of the bond requiring the debtor to appear at the next term and present his petition. The debatable question was whether the presentation of the petition was an appearance within the meaning of the bond, and we held that, if the record showed nothing to the contrary, the fact of presentation of the petition was sufficient proof of an appearance.

All the assignments of error are overruled.

Judgment affirmed.