# Marks *v.* Willenski, Appellant.

*Insolvency—Bond—Surrender of principal—Act of June* 4, 1901, *P. L.* 404.
The surety on the bond of an insolvent debtor is not relieved from liability by the fact that the insolvent surrendered himself for imprisonment eight days after the order against him was made, although no time was fixed in the order for the surrender and the insolvent had no knowledge that the order had been made until his counsel informed him of the fact, and he then immediately surrendered himself.

Argued Oct. 12, 1905.    Appeal, No. 161, Oct. T., 1905, by defendant, from order of C. P. No. 4, Phila. Co., June/T., 1904, No. 5,335, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Israel J. Marks v. Charles Willenski and Adolph Mark.   Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ.   Affirmed.

Assumpsit upon a bond.
Rule for judgment for want of a sufficient affidavit of defense.
The facts appear by the opinion of the Superior Court.

*Error assigned* was the order of the court, making absolute rule for judgment for want of a sufficient affidavit of defense.

*Charles S. Wood*, for appellant.—The defendant, Willenski, complied with the terms of the insolvent bond and the order of court: Crissy v. Vogt, 9 Pa. Superior Ct. 418; Saunders v. Quigg, 112 Pa. 546; Keim v. Saunders, 120 Pa. 121; Saunders v. Smith, 132 Pa. 180; Saunders v. Perkins, 140 Pa. 102; Marks v. Drovers' Nat. Bank, 114 Pa. 490; Greenwaldt v. Kraus, 148 Pa. 517; Mullen v. Wallace, 2 Grant's Cases, 389.

*Louis Goodfriend*, for appellee.—The defendant cannot relieve his surety by doing subsequently that which he should have done in the first instance: Taylor's Case, 1 Pears. 191; Bartholomew v. Bartholomew, 50 Pa. 194; Com. v. Grimes, 116 Pa. 450; Fry v. Com., 1 Lanc. L. Rev. 14; Hunter v. Keller, 1 Pa. C. C. Rep. 617; Frick v. Kitchen, 4 W. & S. 30; Smith v. Barker, 6 Watts, 508: Detwiler v. Casselberry, 5 W. & S. 179; Wolfram v. Strichouser, 1 W. & S. 379; Kelly v. Stepney, 4 Watts, 69; Gallagher v. Kenedy, 2 Rawle, 163; Palethorpe v. Lesher, 2 Rawle, 272; Claxton's Case, 1 Ashmead, 192.

OPINION BY RICE, P. J., June 30, 1906:

This is an appeal from a judgment for want of a sufficient affidavit of defense in an action upon an insolvent bond, in which the appellant, Adolph Mark, was surety, brought by Israel J. Marks, the obligee in the bond. It appears that a judgment in an action of crim. con. was obtained against one Willenski upon which a ca. sa. was issued by virtue of which Willenski was arrested. Thereupon he presented a petition and obtained a rule to show cause why he should not be discharged from arrest upon his giving the bond in question. The petition and proceedings were under sec. 5 of the act of 1901. The condition of the bond so far as material here was that he should appear on April 17, 1905, and comply with all the requisitions of law, "and abide all the orders of the said court, in that behalf, or in default thereof, if he fail in obtaining his discharge as an insolvent debtor that he shall surrender himself to the jail of the said county." No formal order was made on

April 17th, but it is not denied that the petitioner appeared on that day and that a hearing was had. On April 19, 1905, the court made the following order: "And now, April 19, 1905, the rule to show cause why the defendant should not be discharged from arrest heretofore granted, having been duly heard at the bar of the court upon the return day thereof, to wit: April 17, 1905, it is ordered that the said defendant surrender to the custody of the sheriff under the writ of capias ad satisfaciendum by virtue whereof he was arrested, and that he be held by the said sheriff in the jail of the county of Philadelphia for the term of thirty days from the date of his surrender, unless he shall before the expiration thereof pay to the plaintiff, Israel J. Marks, the amount of the judgment obtained against him in this cause, together with interest thereon and the costs of suit; and it is further ordered that upon payment of the said judgment, together with the interest and costs as aforesaid to the said plaintiff, if said payment shall be made before the end of the said period of thirty days, or if not, then upon the termination of said period of thirty days, reckoned from the date of the surrender of the said defendant to the sheriff, the said defendant shall be discharged from custody and imprisonment." Nothing further appears to have been done until April 25th, when this action was brought and the summons was served upon Mark the surety and returned nihil as to Willenski. It is alleged in the affidavit of defense that on April 27, 1905, Willenski immediately, upon being informed by his counsel of the foregoing order, surrendered himself to the sheriff and served an imprisonment of thirty days and has since been discharged by the keeper of the jail.

It is argued that it was unreasonable to hold that the petitioner was in default before he received actual notice of the order of April 19th. We can find nothing in the bond or in the order or in any statute relating to the proceeding to sustain this claim either as to the petitioner or the surety. It fails to give due weight to the fact that the petitioner for discharge under the insolvent laws is the actor in the proceeding and it is incumbent on him to take such action as will bring it to the conclusion the statute contemplates. Hence it has been held, as stated by THOMPSON, J., that "when the order fixes a day for final hearing, the petitioner must ask for his

discharge, or if unable, from some mistake or omission, to have this, he must make his peace with the court, and get a continuance, or if not, and he would save his bond, surrender himself to jail. Either a discharge, or continuance, or surrender must appear to save the bond: " McDonough's Case, 37 Pa. 275. The same principle has been applied or recognized in Bartholomew's Administrator v. Bartholomew, 50 Pa. 194; Rowand v. Smiley, 96 Pa. 165; Commonwealth v. Grimes, 116 Pa. 450, and other cases. The principle is applicable here. The petitioner did not obtain his discharge on the day of the hearing and did not surrender himself. If he had asked the court to designate a day for termination of the proceeding by formal order, and to continue the matter until that day, doubtless the court would have granted the request. But he had no right to assume that actual notice of the order would be served upon him. Not having moved for a continuance to a day certain he was bound to take notice of the order, as other litigants are bound to take notice of the entry of judgment and like matters.

The order of April 19th, is criticised because it did not fix a day for the petitioner to surrender himself, and it is suggested that in the absence of that the condition of the bond would be satisfied by a surrender within a reasonable time. The answer to this objection and claim is twofold: First, the validity of the order cannot be brought in question in this collateral proceeding; second, the statute fixes forty-eight hours as the time and this must be taken as if expressly included in the order.

We are referred to Saunders v. Quigg, 112 Pa. 546, and other cases of the same class in which it is held that where an insolvent fails to obtain his discharge and voluntarily surrenders himself to the warden of the jail he complies with the condition of the bond and, though the warden refuses to receive him, his sureties are discharged. But in these cases there was a surrender or offer to surrender on the day the discharge was refused. They do not decide that the petitioner may relieve his surety by surrender at any time. In a case where the petitioner went to prison the following day it was held too late. HUSTON, J., who delivered the opinion of the court, said: " I would not, for myself, divide a day, and say he must set out to jail the instant the opinion of the court was delivered; but it

must be on that day. If we allow surrender at any time after, at what point are we to stop; a week, a month or a year? His return to jail, then, was a useless, and, for all legal effect, a void act:" Frick v. Kitchen, 4 W. & S. 30. The act of 1901, has modified this strict rule, but there are no grounds set forth in the affidavit of defense which relieved the petitioner from the duty to surrender himself within forty-eight hours after the order of April 19th was made, if he desired to relieve his surety. We find no error in the order entering judgment for want of a sufficient affidavit of defense.

The judgment is affirmed.

MORRISON, J., dissenting:

I find myself unable to agree with the opinion of the majority of this court in this case.

It is an action on an insolvent bond executed by the defendants conditioned " that if the said Charles Willenski shall appear at the next term of the common pleas of said county, on April 17, 1905, and then and there present his petition for the benefit of the insolvent laws of this commonwealth, and comply with all the requisitions of the said law, and abide all the orders of the said court, in that behalf, or in default thereof, if he fail in obtaining his discharge as an insolvent debtor that he shall surrender himself to the jail of the said county," etc.

On March 27, 1905, on petition of defendant, the court granted a rule upon the plaintiff to show cause why the defendant should not be discharged from arrest, returnable April 3, 1905, and it is ordered that the defendant be now discharged from arrest upon his paying the sheriff's costs and entering security for his compliance with the decrees of the court and the requirements of the act of assembly in such case made and provided, in the sum of $1,000. On March 28, 1905, the court ordered that the return day of the above rule shall be on April 17, 1905, instead of April 3, and on that day the bond above referred to was given.

It seems to be conceded that on the day following his arrest on a capias ad satisfaciendum, the defendant made a general assignment for the benefit of his creditors, and made said petition to the court for leave to take advantage of the benefit of

the insolvent laws and for a rule discharging him from arrest, pending a hearing upon his petition.

It appears from the record that the application was made under the provisions of the Act of assembly of June 4, 1901, P. L. 404, and this must necessarily be so because that act expressly repeals so much of the acts of March 24, 1818, of June 14, 1836, and of June 16, 1836, as applies to proceedings of this character. It further appears from the record that the defendant, Willenski, appeared in court in person and by counsel, on April 17, 1905, in accordance with the condition of the bond and the rule for his discharge was argued and held under advisement by the court, without fixing any definite time for its disposal. But on April 19, 1905, the court filed the order quoted in the opinion of the majority of this court. It is to be observed that this order does not provide for any notice to the defendant; it does not say when he shall surrender himself and by its plain wording it implies that the defendant, Willenski, could relieve his surety on his bond by surrendering within a reasonable time, or so soon as he had notice of the order, by undergoing imprisonment in the jail for the period of thirty days. The affidavit of defense avers that Willenski did surrender himself to the jail of the county on April 27, 1905, immediately upon being informed of the entering of the order of April 19, 1905, and that he was imprisoned for the full period of thirty days.

The order of April 19, 1905, does not require the defendant to surrender himself forthwith, but on its face implies that the court did not intend the surrender to be on that day, because if such was the intention, the order would probably have reckoned the thirty days from its date. A fair construction of the order only required the defendant to surrender on notice or knowledge of it, or at most within a reasonable time. When the order was made the defendant was lawfully at large under bail, and the order was made at a time suiting the convenience of the court, without notice to anybody.

I am not willing to agree that the court could hold the matter under advisement and file an order at some future, uncertain time, and that the defendant must surrender within forty-eight hours of the filing of such order, without notice or knowledge that it had been filed. To hold that the defendant's bond was

forfeited and sustain the judgment in this case would be much like what was said in Greenwaldt v. Kraus, 148 Pa. 517. In that case Chief Justice PAXSON (p. 527) said: "The only default which the insolvent appears to have made was his nonappearance on the day fixed for the hearing, and this would not seem to deprive the surety of the benefit of the condition of the bond, under the authority of Mullen v. Wallace, 2 Grant, 389; Saunders v. Quigg, 112 Pa. 546; and Marks v. The Bank, 114 Pa. 490. It may be that a comparison of the earlier with the later cases upon this subject may show a mellowing of the law, and that the latter pay less heed to technicalities than the former. This change runs all through our law, civil and criminal. The law does not now wholly disregard technicalities, but it shrinks from impaling a man upon sharp points, which have no relation to the justice of the cause. Under the circumstances of this case, to hold this surety liable, would be to impale him upon the sharpest technicality ever recognized by a court of justice." It is true the above language was used in regard to a case not precisely like the present one, but I think the principle applies. In the present case we have an order made, not at the time of argument, nor at any future, fixed time, and the court below has, in view of the facts and terms of the order, impaled the surety on the bond on too sharp a technicality.

By section 5 of the act of June 4, 1901, the defendant, who was arrested in a civil action, had the right to make an assignment of his property and ask to be discharged, and to be discharged on compliance with the law. I do not know whether or not he did comply with the law. There is no appeal from the order of April 19, 1905, and we must in this collateral attack, presume its legality, and the rights of the defendant and the surety on his bond depend upon the facts averred in the pleadings, and the affidavit of defense, and the legal construction of the said order. In my opinion, a proper construction of said order is that Willenski had the option of making payment or of going to jail, and that the thirty days' imprisonment should be computed from the date of his surrender, if he surrendered as soon as he had knowledge or ought to have had knowledge of it.

As to the surrender within forty-eight hours as provided in

the act of 1901, I think it should be computed from the time when Willenski had notice of the order or when he ought to have known that it had been made. If the debt, interest and costs had been paid on April 27, 1905, by Willenski, it will hardly be contended that the bond would not have been satisfied and it is not plain to me why the exercise of his alternative privilege of going to jail on that date, and serving the thirty days imprisonment, did not have the same effect.

I would reverse the judgment, and send the case to a jury, and if it shall be found that the facts, as to the knowledge of said order, by Marks and Willenski, are as stated in the affidavit of defense, and the surrender and imprisonment of Willenski is as there stated, the jury should be directed to find a verdict for the defendant.

BEAVER, J., joined in the dissent.